HARRY ALBRIGHT, MIGUEL MARTORELL, TRISTANI INVEST-
MENT, INC. y CARRERO & SONS INVESTMENT, INC., deman-
dantes y recurridos, v. DANIEL I. DÁVILA y FIRST FEDERAL
SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, deman-
dados y peticionaria la segunda.

*Número:* O-75-465     *Resuelto:* 27 de agosto de 1976

*Ramírez, Segal & Látimer,* abogados de la peticionaria; *Celestino
Morales, Jr.,* abogado de los recurridos.

PER CURIAM: Los demandantes alegan haber prestado cier-
tas sumas de dinero a los demandados Daniel I. Dávila y First
Federal Savings and Loan Association of Puerto Rico. Esta
última niega haber tomado suma alguna a préstamo de los
demandantes, y acepta la alegación de los demandantes en
el sentido de que el codemandado Dávila "expidió unos paga-
rés suscritos por éste personalmente para indicar su buena

fe y su garantía personal de las cantidades adelantadas por los demandantes."

En torno a dichas alegaciones la codemandada peticionaria First Federal Savings and Loan Association cursó una moción bajo la Regla 31.1 de las de Procedimiento Civil([1]) dirigida a los demandantes solicitando se le permitiere "ver e inspeccionar y/o fotocopiar si fuere necesario las planillas de contribución sobre ingresos de todos los demandantes en este caso correspondientes a los años 1969 y 1970."

El tribunal de instancia denegó la petición de la codemandada peticionaria por el fundamento de que la información solicitada era de carácter privilegiado. La codemandada peticionaria sostiene que las planillas de contribución sobre ingresos no gozan de un privilegio que impida el descubrimiento de prueba cuando el contenido de las planillas es material y pertinente a la contienda entre las partes. Acude pues ante nos solicitando se revoque la resolución del tribunal recurrido y en su consecuencia que se permita el examen de las planillas rendidas por los demandantes.

Concedimos a los recurridos un término para mostrar causa "por la cual no deba dejarse sin efecto la orden dictada por el tribunal de instancia en 10 de septiembre de 1975 y en su lugar dictar otra ordenando a los recurridos a producir una certificación del Secretario de Hacienda acreditativa de los intereses recibidos por los recurridos de Daniel Dávila y First Federal Savings and Loan Association of Puerto Rico durante los años en controversia conforme lo demuestren las planillas de contribución sobre ingresos rendidas por los recurridos."

La Regla 31.1, *supra*, provee que una parte podrá solicitar del tribunal, sujeto a lo dispuesto en la Regla 27.2, ([2]) una orden dirigida a cualquier parte para que ". . . produzca

([1]) 32 L.P.R.A. Ap. II, R. 31.1.
([2]) 32 L.P.R.A. Ap. II, R. 27.2.

y permita inspeccionar, copiar o fotografiar . . . determinados documentos, papeles, libros, cuentas, cartas, fotografías, objetos o cosas tangibles, de naturaleza no privilegiada, que constituyan o contengan evidencia relacionada con cualquiera de las materias que estén dentro del alcance del examen permitido por la Regla 23.2 y que estuvieren en o bajo su posesión, custodia o dominio . . . ."

El derecho a examen que concede la Regla 31.1, *supra*, se refiere a documentos de naturaleza no privilegiada, y está limitado además a lo preceptuado en las Reglas 23.2 y 27.2 de las de Procedimiento Civil. La Regla 23.2 limita el alcance a cualquier asunto no privilegiado que fuere pertinente a la cuestión envuelta en el pleito pendiente y agrega que no constituirá fundamento de objeción el que la prueba sea inadmisible en el juicio siempre que haya una probabilidad razonable de que la prueba interesada producirá el descubrimiento de evidencia admisible. La Regla 27.2 por otro lado da discreción al tribunal para ordenar por causa justificada que ciertas materias no sean objeto de investigación o que el alcance del examen se limite a ciertas materias.

Los demandantes sostienen que las planillas de contribuciones que pretende examinar la codemandada peticionaria constituyen materia privilegiada y por tanto que están fuera del alcance del examen.

Dado el resultado a que llegaremos, el que no requiere que se muestren las planillas de los demandantes a la recurrente, no es necesario resolver ahora si las planillas de contribución sobre ingresos constituyen materia privilegiada dentro de los hechos de este caso. Entendemos que es material y pertinente a las alegaciones de la codemandada el determinar si los demandantes identificaron en sus planillas el ingreso por concepto de los intereses sobre el préstamo objeto del litigio como proveniente de la institución codemandada o del codemandado Dávila. Tal identificación de la fuente de los ingresos por intereses sería relevante para la resolución

de la controversia. Tales consideraciones nos mueven a limitar el alcance del examen, conforme lo provee la Regla 27.2 de las de Procedimiento Civil, a la cuestión relativa a la procedencia de los intereses, sin que sea necesario examinar la totalidad de la planilla.

Se expide el auto solicitado, *se revoca la orden dictada por la Sala de San Juan del Tribunal Superior de 10 de septiembre de 1975 en el caso civil 71-5377, y se ordena a los recurridos a que produzcan y entreguen a la peticionaria First Federal Savings and Loan Association, en el término de quince (15) días a partir de esta fecha, una certificación del Secretario de Hacienda acreditativa de los intereses recibidos por los recurridos de parte de Daniel Dávila y de First Federal Savings and Loan Association of Puerto Rico durante los años contributivos 1969 y 1970 conforme lo demuestren las planillas de contribución sobre ingresos rendidas por los recurridos Harry Albright, Miguel Martorell, Tristani Investment, Inc. y Carrero & Sons Investment, Inc.*

El Juez Presidente Señor Trías Monge no intervino.