JORGE L. RODRÍGUEZ, demandante y recurrido, *v.* SCOTIA-
BANK DE PUERTO RICO, demandado y peticionario.

*Número:* O-81-384 *Resuelto:* 23 de junio de 1982

*Alberto Picó*, de *Brown, Newsom & Córdova*, abogados del peticionario; *Jorge L. Aquino Muñiz*, abogado de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El recurrido, Jorge L. Rodríguez, demandó a Scotiabank de Puerto Rico en cobro de la suma de $276,087 por concepto de un certificado de depósito al portador. También reclamó daños por la suma de $300,000, más intereses, costas y honorarios de abogado.

En su contestación Scotiabank alegó que el demandante recurrido no era un tenedor de buena fe y que el importe del certificado había sido pagado a su legítimo dueño en febrero de 1977.

De una deposición tomada al demandante recurrido surge que Rodríguez obtuvo el certificado en una jugada de gallos de un tal Antonio Rodas, hoy fallecido. Rodas hizo varias apuestas en la gallera de Rodríguez para el verano de 1980. Perdió unos $200,000. Saldó esa suma con Rodríguez mediante el pago de $15,000 en efectivo y la entrega del certificado de depósito por $276,087. Rodríguez explica que la diferencia entre lo adeudado y lo pagado representa el costo del crédito que él le extendió a Rodas. Rodríguez declaró, además, que él rinde planillas de contribución sobre ingresos.

En vista de esta declaración, Scotiabank solicitó al tribunal de instancia que autorizase la obtención de copia de las planillas de contribución de Rodríguez para los años 1978, 1979 y 1980. El tribunal se negó. Scotiabank acudió en alzada ante nos. Una sala de este Tribunal denegó la petición de *certiorari*. Scotiabank solicitó reconsideración, limitando el remedio que pide, a que el Secretario de Hacienda acredite si Rodríguez incluyó en su planilla de

1980 partida alguna sobre el pagaré reclamado. Pasamos al examen de las cuestiones planteadas.

La Regla 23.1(a) de Procedimiento Civil dispone en parte:

> Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente . . . . No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una posibilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

La Regla 23.2 provee para la emisión de órdenes protectoras por el tribunal, requerida en justicia "para proteger a dicha parte o persona [la que es objeto del descubrimiento] de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebido". La orden del tribunal podrá decretar, por justa causa, entre otras medidas, "(a) que no se lleve a cabo el descubrimiento" o "(d) que no se lleve a cabo el descubrimiento de ciertas materias o que se limite el alcance de las mismas".

Lo anterior revela que hay tres cuestiones a examinar: si la información solicitada es pertinente; si es de carácter privilegiado, y si procede dictar en estas circunstancias una orden protectora.

1. *La pertinencia de la información.*

Nuestra Regla 23.1(a) es esencialmente equivalente a la 26(b)(1) federal. El criterio para medir la pertinencia bajo estas reglas es reconocidamente más amplio que el utilizado para resolver problemas de admisibilidad de prueba bajo las Reglas de Evidencia. Para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia. 8 Wright & Miller, *Federal Practice and Procedure: Civil*, St. Paul, Minn., West Publishing Co., 1970, Sec. 2008, págs. 46–47; 4 *Moore's Federal Practice*, 2da ed., New York, Mat-

thew Bender & Co., 1981, Secs. 26.55[1], 26.56[1] y 26.56[4]. Fue precisamente con el propósito de aclarar la vasta diferencia entre el derecho a obtener información a través del descubrimiento de prueba y su utilización en el juicio, que se enmendó la regla federal en 1948 para añadir la disposición relativa a que la inadmisibilidad de la evidencia no impide su descubrimiento, disposición que, como hemos visto, forma parte de nuestra Regla 23.1(a). Wright & Miller, *op. cit.*, págs. 39–40, 48.

El recurrido alega que el hecho de que él haya declarado o no como ingreso en su planilla —lo cual ni afirma ni niega— el pagaré de referencia no es pertinente, ya que él no lleva libros de contabilidad y que, conforme a *Olazábal* v. *Srio. de Hacienda*, 90 D.P.R. 601 (1964), el método de contabilidad que se le aplica es el de recibido y pagado y no el de incurrido y devengado o de acumulación.

El argumento del recurrido choca contra varios obstáculos. El Art. 41(a) de la Ley de Contribuciones sobre Ingresos de 1954 (13 L.P.R.A. sec. 3041(a)), provee:

> *Regla General.*—El ingreso neto será computado sobre la base del período anual de contabilidad del contribuyente (año económico o año natural, según sea el caso) de acuerdo con el método de contabilidad regularmente usado por el contribuyente para llevar sus libros; pero de no haberse usado método alguno de contabilidad, o si el método usado no reflejare claramente el ingreso, el cómputo será hecho de acuerdo con el método que en opinión del Secretario refleje claramente el ingreso. Si el período anual de contabilidad del contribuyente fuere otro que el de año económico según se define en la sec. 3411 de este título, o si el contribuyente no tuviere un período anual de contabilidad, o no llevare libros, el ingreso neto será computado a base del año natural.

El recurrido no alega directamente que él se ha acogido regularmente al método de recibido y pagado. Lo que dice es que, según *Olazábal*, supra, el método de recibido y pagado es el generalmente aplicable a casos como el de él, en que no se llevan libros de contabilidad. La segunda di-

ficultad es que el recurrido no acudió a este argumento, que requiere determinaciones de hecho, ante el Tribunal Superior. La tercera dificultad es que *Olazábal* no se aplica al caso del recurrido. *Olazábal* resuelve que un contribuyente que utiliza el sistema de recibido y pagado no viene obligado a declarar en su planilla la compensación concedida en una expropiación hasta tanto el dinero esté depositado en el tribunal a su disposición y no en el momento en que se dicta la sentencia. *Olazábal* no dice que cuando no se llevan libros hay que utilizar forzosamente el sistema de contabilidad de recibido y pagado. Por último, el Secretario de Hacienda siempre posee la facultad, conforme el artículo citado, de fijar el método que a su juicio refleje mejor el ingreso. No podemos concluir que la materia cuyo descubrimiento se persigue en este caso carezca de toda posibilidad razonable de pertinencia en él. En lo que respecta a su admisibilidad, no nos toca ahora dictaminar sobre ello.

2. *La naturaleza de la información.*

 Este Tribunal no se ha expresado sobre si toda la información contenida en las planillas de contribución sobre ingresos es de carácter privilegiado y, en consecuencia, inmune a los mecanismos de descubrimiento. Las Reglas 25 a 32 de nuestras Reglas de Evidencia de 1979 no le reconocen tal carácter en el listado de privilegios que efectúan.[1] Debe recordarse, además, que la Regla 35 dispone que "Las Reglas 25 a 32 se interpretarán restrictivamente en relación a cualquier determinación sobre la existencia de un privilegio". Esta medida, adoptada para evitar la extensión indebida de los privilegios, es reflejo de una norma de interpretación firmemente establecida en Puerto Rico. *García Negrón* v. *Tribunal Superior*, 104 D.P.R. 727 (1976); *Ward* v. *Tribunal Superior*, 101 D.P.R. 865 (1974); *Pueblo* v. *Matos*, 83 D.P.R. 335 (1961). A la luz de estas circunstan-

---

[1] Se omitió el privilegio concedido a los contadores públicos. Ley Núm. 293, de 15 de mayo de 1945 (20 L.P.R.A. sec. 790).

cias, veamos el argumento del Art. 55 de la Ley de Contribuciones sobre Ingresos de 1954 (13 L.P. R.A. sec. 3055), que establece el privilegio que aquí se reclama. El apartado *a* del artículo dispone:

(1) Las planillas rendidas bajo este Subtítulo sobre las cuales la contribución ha sido determinada por el Secretario constituirán documentos públicos pero, excepto según más adelante se provee en esta sección, estarán sujetas a inspección solamente mediante orden del Gobernador de Puerto Rico previa demostración de justa causa para ello, y bajo las reglas y reglamentos prescritos por el Secretario y aprobados por el Gobernador de Puerto Rico.

(2) Además, todas las planillas rendidas bajo este Subtítulo constituirán documentos públicos y estarán sujetas a inspección y examen públicos en la medida que se autorice en las reglas y reglamentos promulgados por el Gobernador de Puerto Rico.

(3) Siempre que una planilla estuviere sujeta a la inspección de cualquier persona se expedirá, a solicitud, copia certificada de la misma a dicha persona bajo reglas y reglamentos prescritos por el Secretario. El Secretario fijará un derecho razonable por suministrar dicha copia.

El apartado *g* del mismo artículo prohíbe a los empleados públicos divulgar información sobre las planillas a cuyo conocimiento advengan como parte de su trabajo.

La disposición transcrita es prácticamente idéntica a la antigua Sec. 6103(a) del Código federal de Rentas Internas. La abrumadora mayoría de los tribunales ha sostenido que esta sección no crea un privilegio invocable por un promovido a descubrir información pertinente de su planilla. 8A Mertens, *The Law of Federal Income Taxation*, Wilmette, Illinois, Callaghan & Co., 1978, Sec. 47.53; Wright & Miller, *op. cit.*, págs. 162–164. Únicamente California, Massachusetts y South Dakota reconocen el privilegio, posición que ha sido duramente criticada. J. P. Doyle, *The Case for Abrogation of Taxpayer Privilege in California*, 29 Hastings L.J. 775 (1978). La regla mayoritaria en las cortes

federales es igual. Wright & Miller, *op. cit.*, Sec. 2019, n. 98 y 99, págs. 162 y 163. Véanse: *Mitsui & Co.* v. *Puerto Rico Water Resources*, 79 F.R.D. 72 (1978); *Heathman* v. *United States Dist. Ct. For Cent. Dist. of Cal.*, 503 F.2d 1032, 1035 (1974). En *St. Regis Paper Co.* v. *United States*, 368 U.S. 208, 218–219 (1961), el Tribunal Supremo de los Estados Unidos expresó en un fuerte *dictum* que, aunque las planillas de contribución sobre ingresos son confidenciales, están sujetas al descubrimiento de prueba.

 Las normas de confidencialidad que establece la ley no se han estimado, en consecuencia, equivalentes a la creación de un privilegio. No inmunizan al contribuyente contra el descubrimiento de información pertinente, aunque tampoco lo exponen a persecución por el Estado[2] o litigantes particulares. La emisión de órdenes protectoras puede establecer el equilibrio necesario entre el derecho al descubrimiento *bona fide* de información pertinente y el derecho a la intimidad del promovido.

3. *La orden protectora.*

 La determinación de que la información que aquí se solicita es pertinente y no privilegiada no significa que las planillas de contribuciones en Puerto Rico pueden ser objeto de descubrimiento indiscriminado. Aunque exista la requerida pertinencia, el derecho a la intimidad que nuestra Constitución reconoce, exige que se proteja al promovido, en palabras de la Regla 23.2 de Procedimiento Civil, contra la opresión, el hostigamiento, la perturbación, las molestias o los gastos indebidos. Sólo se debe hacer disponible la información estrictamente pertinente. El método de descubrimiento puede alterarse. Aun puede prohibirse el descubrimiento cuando los fines de la justicia claramente lo

---

[2] En Estados Unidos se reforzó en 1976 la protección del ciudadano contra la utilización de sus planillas por Casa Blanca y otras agencias para fines no tributarios. Véase, Tax Reform Act of 1976, Pub. L. No. 94–455, 94th Cong., 2d Sess., U.S. Code Cong. and Adm. News, 90 Stat. 1520.

requieran. La acción a tomar dependerá necesariamente de las circunstancias particulares de cada caso.

En el pleito de autos estimamos que la solución más apropiada es la establecida en *Albright* v. *Dávila*, 105 D.P.R. 77 (1976). *A tal efecto, se expedirá el auto, se revocará la resolución recurrida y se ordenará al recurrido que obtenga y entregue, dentro de quince días a partir de la notificación de la sentencia en este caso, una certificación del Secretario de Hacienda acreditativa del hecho de si el recurrido incluyó como ingreso en su planilla de 1980 el pagaré objeto de su reclamación.*

Los Jueces Asociados Señores Torres Rigual y Rebollo López no intervinieron.