# 95 DTA 21

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE ARECIBO Y UTUADO - PANEL III**

FRANCISCO ANIBAL ROMAN MONROIG,
ANNETTE MENA MENENDEZ y la Sociedad Legal de
Gananciales constituída entre ellos
Demandantes -Peticionarios

v.

MODESTA ALVAREZ Vda. DE LOPEZ y la Sucesión de JOSE LOPEZ MARTINEZ
compuesta por sus hijos ANA LUISA, JOSE, ALEJANDRO, RAUL, LUZ Y AIDA LOPEZ;
JUAN Y JUANA DEL PUEBLO, FULANO Y FULANA DE TAL
Demandados-Recurridos

Núm. KLCE-95-00023

San Juan, Puerto Rico, a 8 de marzo de 1995

Panel integrado por su presidente, Juez Alfonso de Cumpiano,
y los Jueces Ortíz Carrión y González Román

González Román, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el caso de epígrafe los demandantes peticionarios presentaron, el 22 de febrero de 1995, una petición de *Certiorari* solicitando se revise una Orden emitida por la Hon. Lissette Vélez del 25 de enero de 1995. En la misma la Juez determinó, en etapa de descubrimiento de prueba, que la parte demandada debía contestar el requerimiento de admisiones presentado por ser el mismo pertinente y material, además de reservarse la determinación sobre el valor probatorio de una carta en controversia.

Analizados los documentos que obran en autos y los argumentos presentados a la luz del dictamen emitido por el Tribunal de Instancia, este Foro declara NO HA LUGAR el recurso

incoado por los fundamentos que exponemos a continuación.

## I

Los demandantes-peticionarios radicaron demanda sobre accesión el 2 de junio de 1994 en el Tribunal de Distrito de Camuy para recobrar la posesión de un predio de terreno en el cual se encontraba la residencia de los co-demandados. Los demandados-recurridos contestaron la demanda, sin impugnar la titularidad de los demandantes, pero alegando que la Sra. Modesta Alvarez era usufructuaria del predio donde enclava la vivienda.

Iniciadas las conversaciones entre los abogados de las partes, la representación legal de la parte demandada recibió, de uno de los demandantes dos documentos: uno, alegadamente una comunicación insultante y el otro, una carta a maquinilla sin fecha:, sin firma y sin destinatario que, aparentemente, beneficiaba a la propia parte demandada por cuanto se le reconocía el derecho a ésta de permanecer en el predio. Según argumenta el peticionario, la referida comunicación se incluyó por equivocación, *"sin intención de hacerlo"*. █

Como resultado del recibo de dichos documentos y como parte del descubrimiento de prueba, los demandados recurridos cursaron un Requerimiento de Admisiones sobre estos. El mismo fue contestado por los demandantes, excepto lo referente a los documentos. Por ello se presentaron objeciones a las contestaciones brindadas al requerimiento de admisiones. Trabada la controversia el Tribunal señaló la discusión de la misma en *"status conference"* a efectuarse el 24 de octubre de 1994.

Posterior a la celebración de la vista, la Juez de Instancia emitió la orden que se transcribe a continuación:

*"LA PARTE DEMANDADA-REQUERIDA DEBE CONTESTAR EXPLICITAMENTE LA PREGUNTA. EL TRIBUNAL ENTIENDE QUE ES PERTINENTE Y MATERIAL. LA CARTA COMO TAL ES ADMISIBLE EN EVIDENCIA. EL TRIBUNAL NO RESUELVE, EN ESTOS MOMENTOS, SI LAS REFERIDAS EXPRESIONES PRUEBAN LO QUE EL DEMANDANTE DICEN QUE PRUEBAN."*

El peticionario recurre a este Foro presentando como controversias las siguientes interrogantes: *"¿Es admisible dicha "nota" en evidencia? ¿Debe contestarse un requerimiento de admisión sobre dicha nota? ¿Prueba la "nota" un usufructo? ¿Qué valor probatorio, si alguno, tiene dicha nota?"*.

Definitivamente, no es necesario establecer previamente la admisibilidad de un documento para que el mismo pueda ser objeto de descubrimiento de prueba.

Así, la admisibilidad de un documento, --por ejemplo, una carta-- depende, en primer lugar, de que sea pertinente bajo los principios de la Regla 18 de las Reglas de Evidencia, T. 32 Ap. IV R. 182. No obstante, es conocido que el criterio para medir *"pertinencia"* à los fines de descubrimiento de prueba bajo la Regla 23.1 de Las Reglas de Procedimiento Civil de 1979, T. 32 Ap. II, R. 23.1, es aún más amplio que el criterio de pertinencia bajo la Regla 18 de Evidencia antes citada. *General Electric v. Concessionaries, Inc.,* 118 D.P.R. 32, 40 (1986; *Ortiz v. Estado Libre Asociado de Puerto Rico,* ___ D.P.R. ___ (1989), **89 J.T.S. 110,** página 7296. La inadmisibilidad de la evidencia no impide necesariamente su descubrimiento. Véase: *Rodríguez v. Scotiabank,* 113 D.P.R. 210 (1982)█

Como vemos, la cuestión o frase implicativa de admitir un documento en evidencia supone un proceso completo de desfile de prueba como corresponde en la celebración de un juicio en su fondo. Aparentemente la frase *"admisible en evidencia"* constituyó para el demandado un posible dictamen sobre la admisibilidad automática del documento como parte

de los autos del caso, sin que la parte afectada pudiese impugnar su autenticidad en su día en corte. Aún cuando el Tribunal de Instancia se expresó en tales términos en etapa de descubrimiento de prueba, su decisión no resolvió si las expresiones contenidas en el documento probaban lo que la parte proponente pretendía.

Por tanto, debe entenderse que las expresiones contenidas no suponen una determinación de la admisibilidad del documento en el caso, sino una determinación de pertinencia a los fines del descubrimiento de prueba. No erró el Tribunal de Instancia al determinar la pertinencia de los documentos incluídos en el requerimiento de admisiones, ni erró al evitar entrar en los méritos o admisibilidad final del documento en controversia.

Por último, las controversias presentadas en cuanto a los méritos del caso y el derecho aplicable sobre posesión, accesión y usufructo, no serán motivo de intervención por parte del Foro Apelativo, toda vez que tales planteamientos deben ser resueltos previamente por el Tribunal de Instancia.

Por los fundamentos previamente esbozados se declara NO HA LUGAR la petición de *Certiorari* presentada.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

REGISTRESE Y NOTIFIQUESE.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 21**

**1.** Petición de *Certiorari*, a la página 3.

**2.** Ernesto L. Chiesa, *Práctica Procesal Puertorriqueña - Evidencia,* **Publicaciones J.T.S.** a la pág. 478.