# 98 DTA 201

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

NANNETTE S. RAMOS VEGA
Querellante-Peticionaria

v.

FIRST BANK PUERTO RICO, INC.
Querellado-Recurrido

Núm. KLCE-98-00723

San Juan, Puerto Rico, a 7 de agosto de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Sra. Nannette S. Ramos Vega presenta recurso de *certiorari* en solicitud de que revoquemos la orden del Tribunal de Primera Instancia que le requirió precisar la información en un requerimiento de producción de evidencia. En dicha orden el tribunal determinó que procedía la objeción al requerimiento, presentada por la recurrida First Bank y otros (First Bank), hasta que la peticionaria cumpliera con la precisión de información decretada. La peticionaria alega que el tribunal erró al negarle el requerimiento de producción de documentos, puesto que cumple con lo dispuesto por la Regla 31 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. First Bank plantea en su oposición que no medió tal denegatoria, que el tribunal actuó en el ejercicio de su sana discreción y que la información solicitada es confidencial.

La controversia surge en los procedimientos de la querella instada por la señora Ramos Vega ante el tribunal recurrido contra First Bank, sobre despido injustificado y discrimen por razón de sexo. Como parte del descubrimiento de prueba, la peticionaria requirió de First Bank la producción de varios documentos, entre éstos cualquier póliza de seguro que cubriera su reclamación, su expediente personal, todos los documentos con que contara para probar sus defensas y *"todos los expedientes de personal donde están registradas todas las acciones disciplinarias similares a las que se tomaron con la querellante, por hechos de similar naturaleza"*. Apéndice del recurso, Exhibit 6, pág. 17. First Bank presentó inicialmente moción en solicitud de orden protectora para que se le concediera un término mayor para replicar o someter los documentos requeridos, lo que le fue concedido. Luego, First Bank presentó nueva solicitud de orden protectora y objetó el requerimiento de producción de todos los expedientes de personal de acciones disciplinarias similares, mas accedió a la producción de los documentos restantes. Fundamentó su objeción en que este requerimiento en específico comprendía información sumamente abarcadora, onerosa, e impertinente, además de referirse a expedientes de naturaleza confidencial y de personas ajenas al pleito.

Luego de considerar las posiciones de las partes, incluyendo la alternativa ofrecida por First Bank de sólo tener que producir un listado de nombres, junto con la falta y la respectiva acción disciplinaria, el tribunal dictó la orden recurrida, requiriendo precisión de la información solicitada. Explicó en su orden que el requerimiento de la peticionaria era impreciso, amplio y general, y que por no estar ubicado en un período específico de tiempo, podría resultar oneroso. No tenemos razón alguna para intervenir con esa determinación.

En esencia, se nos solicita examinar si el tribunal abusó de su discreción al ordenar a la peticionaria que precisara la información requerida. Es claro que el tribunal no denegó el descubrimiento, sino que lo condicionó.

El ordenamiento procesal civil permite un descubrimiento de prueba amplio, siempre que la materia objeto del descubrimiento sea pertinente al asunto en controversia y que no sea privilegiada. Regla 23.1 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III; *Ortiz Rivera v. E.L.A.*, 125 D.P.R. 65, 70 (1989). Sin embargo, aun cuando la materia objeto del descubrimiento sea pertinente, el tribunal puede emitir órdenes dirigidas a proteger a las partes o a otras personas de hostigamiento, perturbación, opresión y gastos o molestias indebidas en el desarrollo del descubrimiento de prueba. Regla 23.2, *supra*; *Ortiz Rivera v. E.L.A.*, *supra*, págs. 70-71; *Rodríguez v. Scotiabank de P.R.*, 113 D.P.R. 210, 212 (1982). En cuanto a la inspección de documentos, la Regla 31.1 dispone, entre otros asuntos, que una parte podrá solicitar la inspección de determinados documentos con sujeción a lo dispuesto en la Regla 23.2, *supra*. En la solicitud deben describirse los objetos a ser inspeccionados con razonable particularidad. Regla 31.2, *supra*.

De lo anterior surge que el derecho que argumenta tener la peticionaria a obtener en descubrimiento de prueba expedientes de personal de otros empleados puede ser condicionado, si el tribunal entiende que podría ser oneroso por su imprecisión. Así lo entendió en este caso. Ciertamente, la solicitud a First Bank de revisión de todos los expedientes de personal para verificar los casos en que se hayan tomado todas las medidas disciplinarias similares a las que se tomaron con la peticionaria, por hechos de similar naturaleza, es imprecisa, amplia y general. Más aún, el no estar ubicada la solicitud en un período de tiempo específico puede resultar onerosa. El requerimiento del tribunal no es de naturaleza prohibitiva respecto a la inspección o producción de documentos. La

pretensión comparativa que pretende la peticionaria puede muy bien lograrse con lo pautado por el tribunal que dispone un balance adecuado de los intereses de las partes.

En definitiva, no se ha demostrado abuso de discreción del tribunal en la orden recurrida, ni se ha negado a la peticionaria la oportunidad de establecer la comparación de la medida disciplinaria tomada en su caso con otros casos similares.

Por tanto, se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General