Sánchez Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El caso ante nos trata de una demanda de daños y perjuicios a incumplimiento de contrato. Durante el descubrimiento de prueba, la parte demandada solicitó a la parte demandante producir copia de los últimos cinco años de sus planillas de contribución sobre ingresos. En la contestación, la parte demandante señaló que dichos documentos contenían información confidencial no pertinente al caso. El Tribunal de Primera Instancia resolvió que no procedía producir tales documentos.
La controversia del caso de autos consiste en determinar si -a tenor con la Regla 34 de Procedimiento Civil-la parte demandante debe presentar sus planillas de contribución sobre ingresos o, por lo menos, aquella parte de *923 ellas que sea pertinente para resolver la controversia. Por las razones que exponemos a continuación, se expide el auto solicitado y se revoca la resolución recurrida.
I
El señor Amador Vázquez y la señora Sonia Santiago, haciendo negocios por medio de Vázquez & Santiago Manufacturing Corp., se dedican a fabricar ropa para damas. Por otro lado, el señor Osvaldo Sala Botello y la señora Estela De la Haye, haciendo negocios como Island Look, se dedican a la venta de ropa. En el mes de septiembre de 1994, las partes anteriormente mencionadas acordaron mediante un contrato verbal que Island Look vendería la línea de ropa “Patricia” fabricada por Vázquez & Santiago Manufacturing Corp.
A mediados del año 1997, las ventas de ropa “Patricia” mermaron y cada una de las partes alegó que la otra había incumplido con el contrato. Por consiguiente, terminaron la relación contractual entre ellos. El 22 de enero de 1998, el señor Sala Botello y la señora De la Haye (en adelante los Sala De la Haye) presentaron una demanda por incumplimiento de contrato de distribución, daños y perjuicios contra el señor Amador Vázquez, la señora Sonia Santiago y Vázquez & Santiago Manufacturing Corp. (en adelante los Vázquez Santiago). En la demanda alegaron que los Vázquez Santiago terminaron el contrato de distribución exclusiva sin justa causa para ello. Los Sala De la Haye reclamaron la pérdida de ingresos anuales en cuatrocientos mil dólares ($400,000) más otros daños y perjuicios estimados en cincuenta mil dólares ($50,000).
Oportunamente, los Vázquez Santiago contestaron la demanda y presentaron una reconvención. Como defensa afirmativa adujeron que los Sala De la Haye abandonaron por un largo período de tiempo las gestiones de venta en relación con la línea de ropa “Patricia”, lo cual constituyó incumplimiento contractual y causa suficiente para terminar el contrato. También adujeron que el contrato entre las partes no era exclusivo y los daños alegados en la demanda eran ficticios o patentemente exagerados. Finalmente, en la reconvención, los Vázquez Santiago alegaron que el incumplimiento contractual de los Sala De la Haye les había ocasionado daños económicos a su reputación e imagen comercial valorados en quinientos mil dólares ($500,000).
Durante el descubrimiento de prueba, los Vázquez Santiago enviaron un interrogatorio a los Sala De la Haye. En el mismo le requerían lo siguiente:

“4. ¿Diga si usted ha rendido planillas de contribución sobre ingresos durante los pasados cinco (5) años?

5. De ser afirmativa la contestación a la pregunta anterior, provea copia de la planilla para cada uno de los años en que la rindió. ”

Sobre este particular, los Sala De la Haye respondieron lo siguiente:
4. “Sí.

5. Las Planillas de Contribución sobre Ingresos contienen información confidencial no pertinente. ”

Así las cosas, los Vázquez Santiago citaron a los Sala De la Haye para tomarles una deposición y volvieron a requerir a estos últimos que produjeran las planillas en cuestión. Los Sala De la Haye reiteraron que no habrían de producir dichos documentos. Por lo cual, los Vázquez Santiago presentaron una moción en solicitud de orden a tenor con la Regla 34 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 34. En la moción, solicitaron al tribunal que ordenara a los Sala De la Haye a producir sus planillas de contribución sobre ingresos para los años 1993, 1994, 1995, 1996 y 1997, ya que las mismas eran pertinentes para determinar los ingresos y gastos operacionales incurridos en el negocio de venta de ropa durante esos años. Alegan los Vázquez Santiago que las planillas *924 anteriormente mencionadas son pertinentes para evaluar el beneficio que representaba a los Sala De la Haye los ingresos provenientes de las comisiones pagadas por la venta de la línea de ropa “Patricia”.
Los Sala De la Haye se opusieron a la moción. Estos alegaron que la información solicitada no era pertinente al caso, ni relevante para la solución de la controversia. Además, señalaron que la información que contienen las planillas sobre este particular es de naturaleza global y no es específica en cuanto a los ingresos y gastos de cada una de las líneas de ropa que ellos vendían. El Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió una resolución en la cual denegó la moción solicitada.
Inconformes con dicha resolución, comparecen ante nos el señor Vázquez, la señora Santiago y Vázquez & Santiago Manufacturing Corp. mediante el presente recurso de certiorari y solicitan que se revoque la resolución recurrida y se ordene a los Sala De la Haye a producir sus planillas de contribución sobre ingresos para los años 1993, 1994, 1995, 1996 y 1997.
II
En el caso de autos, los Vázquez Santiago presentaron ante el Tribunal de Primera Instancia una moción en solicitud de orden a tenor con la Regla 34 de Procedimiento Civil, supra. Dicha regla establece que cuando una parte se negare a descubrir lo solicitado, la parte promovente, mediante notificación razonable a todas las personas a quienes pudiera afectar, podrá requerir al tribunal que dicta una orden para que se obligue a la parte promovida a descubrir lo solicitado.
La Regla 23.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. in, R. 23.1(a), establece el alcance del descubrimiento de prueba en los casos civiles. En general, las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente. El descubrimiento de prueba debe ser amplio y liberal. Ades v. Zalman, 115 D.P.R. 514, 518 (1984).
La información solicitada en el descubrimiento de prueba no puede ser materia privilegiada. El término privilegiada se refiere exclusivamente a los privilegios que reconocen en las Reglas 25 a la 32 de Evidencia, 32 L.P.R.A. Ap. IV, R. 25-32, o en alguna ley especial. El concepto de pertinencia incluye todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no están relacionadas con las controversias específicas que han sido esbozadas por las alegaciones. Ades v. Zalman, supra.
El tribunal, a su vez, tiene amplia descreción, conforme los criterios rectores de la Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.2, para proteger a las partes o a otras personas objeto del descubrimiento de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida. Cuando se esté ante esas circunstancias, el tribunal podrá limitar el alcance y los mecanismos de descubrimiento de prueba a utilizarse. Por lo tanto, en el caso ante nos hay tres cuestiones a examinar: si la información solicitada es pertinente, si es de carácter privilegiado y si procede dictar en estas circunstancias una orden protectora.
A pesar de que el caso de autos trata de una demanda por incumplimiento de contrato de distribución, daños y perjuicios, los Sala De la Haye presentaron la acción al amparo de la Ley de Representantes de Ventas, Ley Núm. 21 de 5 de diciembre de 1990, 10 L.P.R.A. sec. 279 y as. El Art. 4 de la disposición de ley anteriormente mencionada, 10 L.P.R.A. sec. 279c, señala que de no existir justa causa para la terminación del contrato de representación de ventas para el menoscabo de la relación establecida o para la negativa a renovar dicho contrato, el principal habrá ejecutado un acto torticero contra el representante de ventas y deberá indemnizarle en la medida de los daños que le cause, cuya cuantía se fijará tomándose en cuenta los siguientes factores:

*925
“(a) el valor real de todas las inversiones y gastos incurridos por el representante de ventas en el desempeño de sus funciones, en la medida en que éstos no fueren fácil y razonablemente aprovechables para alguna otra actividad a que el representante de ventas estuviere normalmente dedicado;

(b) la plusvalía del negocio, o aquella parte de ésta atribuible a la representación de la mercancía o la prestación de los servicios de que se trate, a ser determinada dicha plusvalía tomando en consideración los siguientes términos:

(1) el número de años que el representante de ventas ha tenido a su cargo la representación;

(2) volumen actual de la representación de la mercancía o prestación de los servicios de que se trate y la proporción que representa en el negocio;

(3) proporción del mercado de Puerto Rico que dicho volumen representa;

(4) cualquier otro factor que ayude a establecer equitativamente el monto de dicha plusvalía;

(c) el monto de los beneficios que se hayan obtenido en la representación de la mercancía o en la prestación de los servicios, según sea el caso, durante los últimos cinco (5) años o si no llegaren a cinco (5), cinco (5) veces el promedio de los beneficios anuales obtenidos durante los últimos años, cualesquiera que sean. ”

A tenor con las disposiciones de ley anteriormente expuestas, de no existir justa causa para la terminación del contrato de representación de ventas entre las partes envueltas, los Sala De la Haye deben presentar prueba de los daños alegadamente sufridos. A tales efectos, deben presentar evidencia de los beneficios anuales obtenidos por la venta de la línea de ropa "Patricia”. Entiéndase por beneficios, los ingresos generados menos los gastos incurridos en la venta de la línea de ropa en cuestión.
Es a la luz de estas circunstancias, que en el descubrimiento de prueba los Vázquez Santiago solicitaron a los Sala De la Haye copia de las planillas de contribución sobre ingresos durante los años 1993, 1994, 1995, 1996 y 1997. Los demandados alegan la pertinencia de las planillas en cuestión para poder determinar cuál fue el beneficio derivado por los Sala De la Haye como representantes de ventas de la línea de ropa "Patricia”. La oposición de éstos últimos se basa en que la información contenida en las planillas no es pertinente, ni útil, para la adjudicación de la controversia. Además, alegan que dicha solicitud abre las puertas a un hostigamiento innecesario y peligroso.
En Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210 (1982), el Tribunal Supremo señala que no se ha expresado sobre si toda la información contenida en las planillas de contribución sobre ingresos es de carácter privilegiado y, en consecuencia, inmune a los mecanismos de descubrimiento de prueba. Las Reglas de Evidencia no le reconocen tal carácter en la lista de privilegios que efectúan. La Regla 35 de Evidencia, 32 L.P.R.A. Ap. IV, R. 35, dispone que las reglas 25 a 32 se interpretarán restrictivamente en relación a cualquier determinación sobre la existencia de un privilegio. En adición, en St. Regis Paper Co. v. United States, 368 U.S. 208 (1961), el Tribunal Supremo de Estados Unidos expresó que aunque las planillas de contribución sobre ingresos son confidenciales están sujetas al descubrimiento de prueba.
El Art. 135 del Código de Rentas Internas de Puerto Rico de 1994, Ley Núm. 223 de 30 de noviembre de 1995,13 L.P.R.A. see. 8056, señala que será ilegal que un funcionario del Estado Libre Asociado de Puerto Rico divulgue o de a conocer en cualquier forma no provista por ley a cualquier persona el monto o fuente de los ingresos, beneficios, pérdidas, gastos, impuestos, arbitrios, caudales relictos, donaciones o cualquier detalle de *926 los mismos expuestos o revelados en cualquier planilla o declaración establecida por esta ley. Pero las normas de confidencialidad establecidas por este tipo de estatuto no se han estimado equivalentes a la creación de un privilegio. Rodríguez v. Scotiabank de P.R., supra. No inmunizan al contribuyente contra el descubrimiento de información pertinente, aunque tampoco lo exponen a persecución por el Estado o litigantes particulares. Id.
La emisión de órdenes protectoras puede establecer el equilibrio necesario entre el derecho al descubrimiento bonafide de información pertinente y el derecho a la intimidad del promovido. Id., La determinación de que la información que aquí se solicita es pertinente y no privilegiada no significa que las planillas de contribución sobre ingresos en Puerto Rico pueden ser objeto de descubrimiento indiscriminado. Aunque exista la requerida pertinencia, el derecho a la intimidad que reconoce nuestra Constitución, exige que se proteja al promovido contra la opresión, el hostigamiento, la perturbación, las molestias o los gastos indebidos. Id., Sólo se debe hacer disponible la información estrictamente pertinente. El método de descubrimiento puede alterarse. De hecho, puede prohibirse el descubrimiento de prueba cuando los fines de la justicia claramente lo requieran. La acción a tomar dependerá necesariamente de las circunstancias particulares de cada caso. Id.
Hemos visto cómo la jurisprudencia ha resuelto que las planillas de contribución sobre ingresos y su información económica no son documentos privilegiados, pero han condicionado esta conclusión a un análisis sobre la pertinencia de la información solicitada y el derecho a la intimidad del promovido. Dentro del derecho a la intimidad, han recalcado la importancia de proteger a la parte investigada frente a las molestias y la opresión que se le pueda causar mediante el uso de un mecanismo de descubrimiento de prueba, aunque la información solicitada sea pertinente y no se trate de materia privilegiada.
En el caso de autos, debemos sopesar el derecho a la intimidad de los Sala De la Haye y la proteción que establece la Regla 23.2 de Procedimiento Civil, supra, contra la opresión y demás molestias excesivas durante el descubrimiento de prueba. Tenemos que ponderar el hecho de si la información solicitada es pertinente y no es privilegiada frente a la opresión, perturbación, hostigamiento, gastos o molestias indebidas que pueda representar para los Sala De la Haye producir la información.
En General Electric v. Concessionaires, Inc., supra, nuestro más Alto Foro resolvió que el descubrimiento de prueba relacionado con la condición económica de alguna de las partes no deberá permitirse, excepto cuando dicha condición esté en controversia, y aun en esas circunstancias, el tribunal podrá limitarlo a aquello que sea estrictamente necesario. Los Vázquez Santiago han demostrado que la condición económica de los Sala De la Haye está en controversia y que está relacionada con la materia que es objeto del litigio. De los hechos surge que los Sala De la Haye alegan como un daño el menoscabo en su situación económica. Las reclamaciones presentadas requieren la producción de información sobre los ingresos generados y los gastos incurridos en la venta de la línea de ropa “Patricia”. No nos resulta convincente el argumento de los Sala De la Haye en cuanto a que la información contenida en sus planillas de contribución sobre ingresos no es pertinente, ni útil, para la adjudicación justa del caso, que dicha solicitud abre las puertas a un hostigamiento innecesario y peligroso y que la información que interesan o necesitan los demandados está en su poder o puede obtenerse por otros medios.
Cabe señalar que los Sala De la Haye presentaron una reclamación al amparo de la Ley de Representantes de Ventas, supra, en la cual uno de los factores a considerar para adjudicar los daños es el beneficio anual obtenido en la relación contracual. Los Sala De la Haye trabajan por cuenta propia y en sus planillas de contribución sobre ingresos informan todos sus ingresos y gastos. Aunque estas planillas no contienen la información específica de lo que cada línea de ropa representó en términos de ingresos y gastos, es posible derivar de esa y cualquier otra prueba que se recopile en el descubrimiento de prueba, los gastos incurridos entre las diversas líneas de ropa que vendían. De los autos también surge que los Sala De la Haye, a pesar de reconocer que es su responsabilidad probar los daños y presentar evidencia de los gastos, al momento de resolver la controversia ante nuestra *927 consideración, éstos no habían presentado información sobre sus gastos en la operación del negocio.
Consideramos que la información que contienen las planillas de contribución sobre ingresos en relación a los ingresos devengados y los gastos incurridos en el negocio de ventas de los Sala De la Haye es pertinente y no constituye materia privilegiada. Pero en aras de proteger al máximo el derecho de intimidad de los demandantes, debemos permitir que sólo se descubra aquella información estrictamente pertinente y necesaria para resolver la controversia. De esta manera, se protegen los derechos de ambas partes.
III
Con estos antecedentes, se expide el auto solicitado y se revoca la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Se ordena a la parte demandante entregar en plazo de quince días al Juez Superior que tenga a su cargo el caso, copias de las planillas de contribución sobre ingresos de los Sala de la Haye correspondientes a los años 1993, 1994, 1995, 1996 y 1997. Todas las planillas deberán ser certificadas por el Secretario de Hacienda o su representante autorizado. El Juez examinará dichas planillas para proteger del escrutinio cualquier información que no tenga pertinencia alguna con la controversia, o que a su juicio resulte ser materia confidencial. Se le permitirá a los abogados de la parte demandada examinar las mismas en la oficina del Juez o en el lugar del tribunal que éste designe, estando presente el abogado de los demandantes. No se proveerán fotocopias de las planillas de contribución sobre ingresos a los abogados de la parte demandada. Por otro lado, se le ordena a la parte demandada y sus abogados no divulgar a terceros la información allí contenida. El tribunal podrá aprobar cualquier otra medida que estime necesaria para proteger el derecho a la intimidad de los demandantes.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General