TEXTO COMPLETO DE LA SENTENCIA
La Sra. Angela Alvarado Colón presentó recurso de certiorari en solicitud de la revocación de la resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, que denegó descubrimiento de prueba en cuanto a Insular Supplies, Inc., (Insular). La controversia surge en una demanda de liquidación de comunidad de bienes instada por la señora Alvarado contra el Sr. Luis Guillermo Alemañy. En ésta reclamó participación en las acciones y los activos de Insular.
Luego de varios trámites de descubrimiento de prueba en ese proceso, la señora Alvarado presentó moción solicitando descubrimiento de prueba en cuanto a la corporación Insular. Basó esa solicitud en la alegación de que tiene derecho a una participación en los activos de la corporación. Planteó que las ganancias de la corporación, adquirida en su totalidad por el señor Alemañy en la liquidación de bienes gananciales de su primer matrimonio, no fueron distribuidas. Alegó que durante el tiempo en que ella y el recurrido estuvieron casados hubo, un *744 incremento significativo y sustancial en el valor del negocio. Planteó que ambos trabajaron para la corporación, que ella fue no sólo empleada de la corporación, sino que, también, ocupó posiciones en la Junta de Directores y en la de Oficiales. Diferenció este caso del caso Sucn. Santaella Saurí v. Secretario de Hacienda, 96 D.P.R. 442 (1968), en el que se amparó el señor Alemañy para argumentar que el aumento en el valor de las acciones de esa corporación privativa, es privativo. Apéndice XXVII del recurso. 
En su moción de oposición al descubrimiento solicitado, el señor Alemañy negó que el aumento en valor de las acciones de la corporación se debiera al esfuerzo de las partes. Argumentó que el estado de derecho en Puerto Rico es que las acciones y dividendos sobre acciones privativas son privativos y que, por tanto, la señora Alvarado no tiene derecho alguno sobre las acciones, ni sobre el incremento en su valor. Apéndice XXIX del recurso.
En la resolución recurrida, el tribunal de instancia denegó el descubrimiento en cuanto a Insular. Expresó, citando el caso Sucn. Santaella Saurí v. Secretario de Hacienda, supra, que el hecho de que la corporación sea bien privativo del demandado, no varía por el tiempo en que las partes estuvieron casados. Por tanto, señaló que la corporación era y sigue siendo bien privativo del demandado. Señaló que el hecho de que la corporación declarara dividendos, no controvierte el hecho que la corporación era privativa. Finalmente concluyó que Insular es un tercero con personalidad jurídica propia en relación con la controversia.
Inconforme, la señora Alvarado solicita la revocación de ese dictamen. Plantea que erró el tribunal al no distinguir este caso del caso Sucn. Santaella Saurí v. Secretario de Hacienda, supra, y concluir que la corporación es un bien privativo del demandado preadjudicando sin vista una de las controversias del caso. Alega que erró al denegar el descubrimiento de prueba en cuanto a los activos de Insular y determinar que la corporación tiene personalidad propia, sin considerar las alegaciones de que Insular es un alter ego del demandado.
En su oposición, el señor Alemañy refuta las alegaciones de la peticionaria, planteando que no existe prueba para éstas. Alega que el levantamiento del velo corporativo no se descarga con alegaciones, sino con prueba concreta. Citando a Sucn. Santaella Saurí v. Secretario de Hacienda, supra, señaló que sólo se justifica descorrer el velo corporativo cuando la personalidad corporativa se utilice para derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen. Niega que esas circunstancias estén presentes en este caso.
Luego de evaluar los planteamientos de las partes, a la luz del derecho aplicable, entendemos que el tribunal erró al denegar el descubrimiento de prueba a base de las alegaciones. El asunto en controversia ameritaba el desfile de prueba, previo a su adjudicación.
Es norma establecida por nuestra jurisprudencia que la Regla 23.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap III, establece un alcance amplio y liberal del descubrimiento de prueba, reconociendo que las partes en un pleito pueden descubrir todas las materias relacionadas con el caso, excepto que no se trate de información privilegiada, la información no sea pertinente a la controversia, y no se trate de impresiones mentales, opiniones o teorías legales del abogado. Véase, entre otros Rodríguez v. Scotiabank, 113 D.P.R. 210 (1982); Rivera Alejandro v. Algarín, 112 D.P.R. 830, 834 (1982); Ades v. Zalman, 115 D.P.R. 514 (1984).
Está reconocido que los tribunales tienen amplia discreción, conforme los criterios rectores de la Regla 23.2 de las de Procedimiento Civil, sobre órdenes protectoras para proteger de hostigamiento, perturbación u opresión, así como cualquier gasto o molestia indebida, a las partes u otras personas a quienes va dirigido el descubrimiento. Ante tales circunstancias, el tribunal puede limitar, alterar el alcance y los mecanismos de descubrimiento de prueba a utilizarse e incluso prohibirlo si los fines de la justicia lo requieren. Chévere v. Levis, 150 D.P.R. _ (2000), 2000 J.T.S. 56, pág. 853; General Electric Credit & Leasing Corp. v. Concessionaries, Inc., 118 D.P.R. 32, 40 (1986); Rodríguez v. Scotiabank, supra; Sierra v. Tribunal Superior, 81 D.P.R. 554 (1959).
El descubrimiento, en este caso, se basa en la alegación de la peticionaria en cuanto a que el aumento en las *745 ganancias de la corporación se debió a la industria de ambos cónyuges, y por tanto, ese aumento es ganancial. En otras palabras, de haber base en esa alegación, el descubrimiento de prueba sería relevante y pertinente.
Es un hecho aceptado por ambas partes que la corporación es un bien privativo del señor Alemañy. En cuanto a los frutos o bienes obtenidos de un bien privativo, el artículo 1301 del Código Civil, dispone:

"Son bienes gananciales:

1....
2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.
3. Los frutos, rentas o interés percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges."
En el caso de Sucn. Santaella Saurí v. Secretario de Hacienda, supra, el Tribunal Supremo tuvo oportunidad de pasar juicio sobre la naturaleza privativa o ganancial de la plusvalía o incrementos de acciones corporativas privativas. Allí estableció que el aumento en el bien privativo constante del matrimonio por causas que no sean el esfuerzo de los cónyuges o a costa del caudal común, es de naturaleza privativa. Bajo las circunstancias que mediaron en el caso, el Tribunal Supremo encontró que no había base en la prueba para sostener la conclusión de que la plusvalía en las acciones se debió a la industria o esfuerzo del causante o las corporaciones. Respecto al requisito del esfuerzo común, dijo específicamente lo siguiente:
“El esfuerzo del cónyuge o la inversión del caudal común tiene que ser objeto de prueba por el que alega el carácter ganancial de la plusvalía. No puede valerse de presunción alguna, ya que el simple aumento de valor no da base para ello. ” (Pág. 449)
La plusvalía de acciones corporativas no puede imputársele a los esfuerzos personales de un accionista, si son producto de los esfuerzos de la corporación, excepto si se dan las circunstancias de excepción en que se justifica descorrer el velo corporativo.
A los fines de determinar la pertinencia del descubrimiento de prueba de la corporación del señor Alemañy, el tribunal tenía que pasar juicio sobre las alegaciones de esfuerzos de la peticionaria en la plusvalía y la oposición del señor Alemañy. En la resolución recurrida, determinó que la corporación era privativa, sin decidir ni expresarse sobre la alegada participación de la peticionaria en la plusvalía.
La contención de la peticionaria, respecto a. los dividendos, se basa en el incremento de valor de la corporación, al que alude tiene derecho. Este aspecto está ligado al primero, esto es, si el alegado aumento contó con la participación y el esfuerzo de la peticionaria. En ese caso, el aumento sería un bien ganancial. De lo contrario, sería privativo.
Por tanto, para adjudicar lo relativo al descubrimiento de prueba es necesario adjudicar, mediante la prueba que presenten las partes sobre los esfuerzos de la peticionaria, la naturaleza del incremento en las acciones corporativas. Una vez resuelta esa controversia, podrá el tribunal dilucidar la solicitud de descubrimiento de prueba, conforme las normas procesales que rigen ese mecanismo y el derecho corporativo.
En virtud de todo lo anterior, se expide el auto, se deja sin efecto la resolución recurrida y se devuelve el caso al tribunal de instancia. Este deberá revaluar la solicitud de descubrimiento de pmeba de la corporación, luego de recibir y considerar prueba que se le presente sobre la participación y esfuerzos de la peticionaria, si algunos, en el incremento o plusvalía de la corporación.
Lo acordó el Tribunal y lo certifica la Secretaria General.
*746 Aida Heana Oquendo Graulau
Secretaria General
ESCOLIO 2001 DTA 36
1. El número de las páginas de los apéndices son ilegibles, las páginas identificadas en el índice no guardan relación con las del apéndice, los exhibits no están enumerados de forma consecutiva, haciendo difícil la localización e identificación de éstos. Véase los requerimientos al respecto en la Regla 16 (E) (3) del Reglamento de este Tribunal.