TEXTO COMPLETO DE LA RESOLUCIÓN
New Hampshire Insurance Company y American International Insurance Company of Puerto Rico (las peticionarias) comparecen ante este Tribunal solicitando la revocación de una resolución emitida el 26 de octubre de 2006, notificada el 30 de octubre siguiente, por la Sala Superior de San Juan del Tribunal de Primera Instancia (T.P.I.). Mediante la resolución recurrida, el T.P.I. limitó el descubrimiento de prueba solicitado por las peticionarias.
Examinada la petición presentada y teniendo presente el derecho aplicable a los planteamientos vertidos en la misma, denegamos la expedición del auto por los fundamentos que a continuación se exponen.
I
Las peticionarias presentaron una demanda en solicitud de interdicto provisional, cobro de dinero e indemnización en contra de Miramar Construction Co., Inc. (Miramar); José R. Berrios (Berrios), su esposa *888 Carmen Reilova Vélez y la sociedad legal de gananciales que juntos componen; Luis García Passalacqua (García Passalacqua), su esposa Margarita Juárez Iturregui y la sociedad legal de gananciales que juntos componen; José Berrios Reilova (Berrios Reilova), su esposa Ménica Vélez Vélez y la sociedad legal de gananciales que juntos componen; Juan García Juárez (García Juárez), su esposa Gloria Rodríguez Vega y la sociedad legal de gananciales que juntos componen; entre otros.
En la demanda presentada, las peticionarias alegaron que García Passalacqua y Berrios, junto con sus esposas, suscribieron un Contrato de Indemnidad el 7 de abril de 1995 en el que se obligaron a indemnizar y mantener indemnes a las peticionarias de toda responsabilidad en la que éstas incurrieran al expedir fianzas para garantizar las obligaciones de Miramar. Sostuvieron, además, que expidieron fianzas de pago y cumplimiento (“payment and performance bond’) para afianzar las obligaciones de Miramar en la ejecución y el pago de 18 proyectos de construcción realizados por ésta, teniendo que desembolsar $26,565,512 por concepto de pagos a materialistas y obreros, honorarios de peritos, honorarios de abogados, costas e intereses.
Las peticionarias argumentaron, también, que Berrios Reilova y García Juárez participaron del traspaso de las participaciones de García Passalacqua y Berrios en las sociedades GBR Properties, Sociedad en Comandita S.E. (GRB) y Miramar en detrimento de las peticionarias, y en violación a los términos y condiciones de la Escritura de Constitución de la sociedad y del Contrato General de Indemnidad otorgado entre las partes.
Reclamaron inter alia, el pago de la suma desembolsada por ser una líquida, vencida y exigible; una indemnización por los daños causados por García Passalacqua y Berrios no menor de $25,000,000; una indemnización por los daños causados por Berrios Reilova y García Juárez no menor de $27,000,000; el pago de las primas de las fianzas expedidas ascendente a $92,452; y el pago de $100,000 por concepto de honorarios de abogado.
Según se desprende del expediente, GRB fue creada por García Passalacqua, Berrios y su compañía Miramar. Éstos, a su vez, eran dueños de los proyectos de construcción, “Torre Municipal de Guaynabo” y ‘‘‘’Almacén Municipal de Guaynabo"-, y las peticionarias eran las compañías que afianzaban los referidos proyectos. Para financiar los mismos, se gestionó una emisión de bonos del Estado Libre Asociado de Puerto Rico, a través de la Autoridad para el Financiamiento de Facilidades Industriales, Turísticas, Educativas, Médicas y de Control Ambiental (AFICA). En ambos proyectos, el Banco Popular de Puerto Rico (BPPR) actuó como fiduciario, a base de un acuerdo de fiducia o “trust agreement".
El 28 de febrero de 2000, García Passalacqua y Berrios transfirieron a nombre de sus hijos, García Juárez y Berrios Reilova, sus participaciones en GRB.
El 18 de diciembre de 2003, el T.P.I. expidió una orden dirigida al BPPR para que produjera la información bajo su poder sobre los proyectos antes mencionados, según requerido por las peticionarias. Posteriormente, el 24 de febrero de 2004, el T.P.I. notificó una orden paralizando el descubrimiento de prueba y ordenándole al BPPR que en un término de 10 días ofrecieran los nombres y direcciones de las partes potencialmente afectadas por la producción de los documentos.
El 15 de marzo de 2004, el BPPR presentó una moción en la que proveyó los nombres y direcciones solicitadas por el foro de instancia. En la misma, la entidad bancaria expresó que el objeto del descubrimiento de prueba solicitado por las peticionarias era una “transacción [que] fue objeto de una emisión pública de bonos de una agencia del gobierno de Puerto Rico, que la mayoría de los documentos en su poder, con excepción de alguna correspondencia, fueron descritos en un prospecto que circuló ampliamente y que es un documento público. También, las opiniones legales de la mayoría de los abogados incluidos en la lista y la correspondencia recibida de éstos, son relacionadas al financiamiento y la emisión de bonos específicamente."
*889 GRB solicitó intervención en el proceso y alegó tener expectativa de intimidad sobre los documentos en posesión del BPPR. Posteriormente, GRB solicitó también la descalificación de la representación legal de las peticionarias.
El 1 de agosto de 2005, notificada el 2 de agosto de 2005, el T.P.I. emitió resolución denegando la moción de descalificación de GRB. Mediante la resolución emitida el T.P.I. también determinó que no procedía el descubrimiento de prueba solicitado por las peticionarias contra el BPPR, dejó sin efecto la orden emitida autorizando el referido descubrimiento, y dispuso que de permitirse la producción de documentos, dada la existencia de “confidencias compartidas”, constituiría una ventaja indebida para las peticionarias a base de lo resuelto en P.R. Fuels, Inc. v. Empire Gas Co., Inc., 133 DPR 112 (1993).
Solicitada y denegada una moción de reconsideración presentada por las peticionarias, éstas presentaron ante este Tribunal de Apelaciones (T.A.) una petición de certiorari mediante el recurso KLCE-2005-01170. En dicho caso, el T.A., mediante sentencia emitida el 18 de noviembre de 2005, determinó que el T.P.I. incidió al dejar sin efecto el descubrimiento de prueba dirigido al BPPR. Concluyó que el foro apelado debió explorar otras alternativas menos gravosas para las peticionarias incluyendo, como último remedio, la descalificación de los abogados. Se revocó la resolución recurrida y se dejó sin efecto la orden dirigida al BPPR sobre el descubrimiento de prueba solicitado por las peticionarias.
Así las cosas, y transcurridos algunos trámites procesales, el 19 de mayo de 2006, las peticionarias presentaron una moción sometiendo un proyecto de citación y un aviso de toma de deposición al BPPR. Expedida la citación para deposición al BPPR, GRB solicitó al T.P.I. una orden protectora para que se paralizara la misma. Dicha solicitud fue declarada no ha lugar por el foro recurrido.
El 28 de junio de 2006, celebrada una conferencia telefónica entre los abogados de todas las partes, entiéndase de las peticionarias, GRB y del BPPR, el T.P.I. mediante resolución emitida a esos efectos suspendió la deposición y ordenó a los abogados de GRB y BPPR reunirse con el fin de que identificaran los documentos sobre los cuales GRB alegaba gozar de una expectativa dé intimidad. Además, ordenó al BPPR fotocopiar los documentos sobre los cuales no existía la alegada expectativa de intimidad y enviar los mismos a los abogados de las partes; y concedió un término a GRB para presentar una moción objetando la divulgación de los documentos identificados.
El 14 de agosto de 2006, el BPPR presentó una moción en la que proveyó la descripción de los documentos sobre los cuales GRB alegó tener una expectativa de privacidad y objetó su descubrimiento. Alegó que la mayoría de las objeciones de GRB contenían información sobre transacciones y cuentas bancarias. El T.P.I. le ordenó a GRB fundamentar en derecho las objeciones a la divulgación de los documentos, lo que esta parte hizo mediante moción presentada el 11 de septiembre de 2006.
Las peticionarias presentaron su oposición a la moción presentada por GRB. En la misma argumentaron que GRB no estableció de forma específica la pertinencia de los documentos objetados y que no fundamentó en que se basaban sus alegaciones de expectativa de intimidad y confidencialidad sobre los documentos en controversia.
Así las cosas, el 26 de octubre de 2006, el T.P.I. dictó resolución mediante la cual resolvió no permitir que el descubrimiento de prueba se extienda a los documentos identificados en la misma, objetados por GRB.
Oportunamente, las peticionarias solicitaron la reconsideración del dictamen del foro recurrido. Alegaron que no existía expectativa de intimidad alguna sobre los documentos objetados por GRB, por lo que no procedía la determinación dictada. La reconsideración solicitada fue declarada no ha lugar.
Inconformes con la determinación, las peticionarias presentaron el recurso de epígrafe.
*890 II
Debemos determinar si en la aplicación del derecho al proceso del descubrimiento de prueba, el T.P.I. actuó correctamente al no permitir que se descubrieran ciertos documentos custodiados por el BPPR, objetados por GRB.
III
A
Como se sabe, la Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 23.1, delinea el alcance del descubrimiento de prueba en casos civiles. De este modo, dispone que:

£í

Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.
(b) ...
(c)...” (Énfasis nuestro)
La regla establece una tónica liberal y amplia en cuanto a la utilización del descubrimiento, pues basta que exista una posibilidad razonable de relación con el asunto en controversia para que una materia pueda ser objeto de descubrimiento de prueba. Rodríguez y Otros v. Syntex, Inc., 160 D.P.R. _ (2003), 2003 J.T.S. 145; Alfonso Brú v. Trane Export Inc., 155 D.P.R. 158 (2001); Aponte v. Sears Roebuck de Puerto Rico, 129 D.P.R. 1042 (1992); General Electric v. Concessionaires, Inc., 118 D.P.R. 32 (1986); Lluch v. España Service Sta., 117 D.P.R. 729(1986). Además, es evidente que el concepto de pertinencia en el descubrimiento de prueba es más abarcador que el relacionado con las Reglas de Evidencia. Rodríguez v. Scotiabank, 113 D.P.R. 210, 212-213 (1982). Ciertamente, la liberalidad de nuestro sistema de descubrimiento de prueba propende a acelerar los procedimientos, favorecer las transacciones y a evitar sorpresas en el juicio. Lluch v. España Service Sta., supra.
De otra parte, nuestro ordenamiento procesal también concede amplia discreción al tribunal de instancia para reglamentar el descubrimiento de prueba, pues la Regla 23.1, supra, sólo establece dos limitaciones al mismo, a saber: que la información objeto del descubrimiento no sea privilegiada y que ésta sea pertinente al asunto en controversia. Medina v. Merk Sharp & Dohme, 135 D.P.R. 716, 730-731 (1994), Ortiz Rivera v. ELA, National Insurance Co., 125 D.P.R. 65, 70 (1989); General Electric v. Concessionaires Inc., supra, págs. 38-39.
Ahora bien, la jurisprudencia ha establecido que el descubrimiento de prueba no puede ser ilimitado. Por ello, los tribunales están facultados por las Reglas de Procedimiento Civil para controlar su alcance tomando en consideración, claro está, que la controversia se resuelva de una forma rápida, justa y económica. Véase Regla 1 de Procedimiento Civil, supra. De este modo, al tribunal se le otorga la facultad de proteger a las partes u otras personas objeto del descubrimiento de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida. En estas instancias, el tribunal podrá limitar el alcance y los mecanismos del descubrimiento de prueba a ser utilizados, de conformidad con la Regla 23.2, supra. General Electric v. Concessionaires, Inc., *891 supra.
La Regla 23.2, supra, autoriza al tribunal a ejercer su discreción mediante la concesión de medidas reguladoras del descubrimiento de prueba, entre las que se mencionan las siguientes:

(a) Que no se lleve a cabo el descubrimiento;

(b) que el descubrimiento se realice de conformidad con los términos y condiciones que se dispongan, incluyendo la designación de fecha y sitio;

(c) que se lleve a cabo el descubrimiento por un método diferente al seleccionado por la parte que lo interesa;

(d) que no se lleve a cabo el descubrimiento de ciertas materias o que se limite el alcance de las mismas;

(e) que se realice el descubrimiento en presencia de aquellas personas autorizadas para ello por el tribunal;

32 L.P.R.A. Ap. Ill, R. 23.2.
B
La función de un tribunal apelativo en la revisión de controversias como la que nos ocupa, requiere que se determine si la actuación del Tribunal de Primera Instancia constituyó un abuso de la discreción en la conducción de los procedimientos ante sí. Al realizar tan delicada función, un tribunal apelativo no debe intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. Véase, Lluch v. España Service Sta., supra; Zorniak v. Cessna, 132 D.P.R. 170 (1992).
Como la discreción está atada a la razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, Pueblo v. Sánchez González, 90 D.P.R. 197 (1964), en la medida que el curso de acción de un tribunal en el ejercicio de su discreción para conducir los procedimientos sea irrazonable o poco sensato, en esa medida estará abusando de su discreción. De otro modo, no abusa de la discreción, si la medida que toma es razonable.
Por último y con relación a determinaciones interlocutorias discrecionales procesales, los tribunales apelativos no deben sustituir el criterio utilizado por el Tribunal de Primera Instancia en el ejercicio de su discreción por el suyo propio, salvo cuando el Tribunal de Primera Instancia ha incurrido en arbitrariedad o craso abuso de discreción. Meléndez v. Caribbean Int'l News, 151 D.P.R. 649, 664 (2000); Véanse, además, Lluch v. España Service Sta., supra, pág. 745; Valencia, Ex Parte, 116 D.P.R. 909, 913 (1986); Ortiz Rivera v. Agostini, 92 D.P.R. 187, 193 (1965). Ello está predicado en la premisa de que el foro apelativo no puede pretender administrar ni manejar el trámite regular de los casos ante el T.P.I. No hay duda de que ese es el foro que mejor conoce las interioridades del caso y quien está en mejor posición para tomar las medidas que permitan el adecuado curso del caso hacia su final disposición.
IV
Como se sabe, es el T.P.I. quien está en mejor posición para determinar el curso a seguir en el trámite de un caso.
*892 En el caso de autos, el foro apelado, ante los reclamos del BPPR y de la compañía GRB, limitó el descubrimiento de prueba que podrían realizar las peticionarias.
En el escrito presentado, las peticionarias alegaron que no procedía el descubrimiento de prueba solicitado porque las partes demandadas participaron de un esquema de fraude o de transacciones simuladas con el fin de defraudarlas. Argumentaron que en virtud de dicha alegación, surgía la pertinencia de adquirir la información que está objetando GRB. No les asiste la razón. Veamos porqué.
Dentro del ejercicio de sus facultades, el T.P.I. ordenó a las partes aquí en controversia reunirse, con el fin de que determinaran sobre cuáles documentos se alegaba tener expectativa de intimidad. GRB en cumplimiento con la orden del tribunal, después de revisar más de 7,000 páginas de documentos, sólo objetó el descubrimiento de 17 documentos alegando tener una expectativa de privacidad sobre ellos, ya que contenían información sobre transacciones y cuentas bancarias.
Es importante señalar que GRB no es parte en este caso y que sus transacciones no son pertinentes per se a la controversia. El que las peticionarias pretendan probar una alegado fraude de acreedores en perjuicio suyo, no puede utilizarse como excusa para descubrir indiscriminadamente toda la información relacionada a las finanzas de GRB en este pleito.
Somos de opinión que la determinación del foro recurrido fue correcta, ya que actuó dentro del ámbito de sus facultades y no abusó de su discreción al así hacerlo. Meléndez v. Caribbean Int'l News, supra; Lluch v. España Service Sta., supra; Valencia, Ex Parte, supra; Ortiz Rivera v. Agostini, supra.
V
Por los fundamentos antes expuestos, se deniega la expedición del auto de certiorari solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Mildred I. Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIO 2007 DTA 30
1. Esta entidad fue creada al amparo de las disposiciones de la Ley Núm. 121 de 27 de junio de 1977, 12 L.P.R.A. see. 1252 etseq.