Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| VILLAS DE HUMACAO LTD Y OTROS<br><br>Demandante Recurrida<br><br><br>v.<br><br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Demandada Peticionaria | KLCE202301225 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>HU2019CV01348<br>Sala: (Salón 208)<br><br>Sobre:<br>Daños, Seguros Incumplimiento Aseguradoras Huracanes Irma/María, Sentencia Declaratoria |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

Comparece MAPFRE Praico Insurance Company (MAPFRE o peticionario) vía petición de *certiorari* a fin de solicitar una la Revocación de una *Resolución* emitida el 1 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Humacao. Mediante el referido dictamen, el foro primario declaró no ha lugar a una *Solicitud de Orden Protectora* al amparo de la Reglas 27.6 de Procedimiento Civil (32 LPRA Ap. V, R. 23.2) presentada por la parte peticionaria.

Villas de Humacao LTD, Almaco Capital Corp., Attenure Holdigs Trust 2 y HRH Property Holdigs LLC instaron una demanda contra MAPFRE Praico Insurance Company a los fines de cobrar la indemnización del seguro por las pérdidas causadas tras el paso del huracán María en Puerto Rico. En dicha reclamación solicitaron la

compensación por daños y perjuicios por alegado incumplimiento contractual, dolo y mala fe.

Luego de una serie de incidencias procesales, los recurridos cursaron a MAPFRE un *Primer Pliego de Interrogatorios* y un *Requerimiento para la producción de documentos*. Como respuesta, la parte peticionaria contestó parcialmente los mismos y formuló una serie de objeciones fundamentadas en impertinencia, amplitud excesiva y confidencialidad por razón del privilegio de secreto de negocio. En desacuerdo con tales argumentos, la parte recurrida remitió a la aseguradora un escrito intitulado *Objeción a Contestación de Mapfre al Primer Pliego de Interrogatorios y Requerimiento de Producción* (Regla 34.1 de Procedimiento Civil). En éste argumentó que las contestaciones de MAPFRE no eran responsivas y que la documentación provista se encontraba incompleta.

Posteriormente, la parte recurrida presentó un *Aviso de Toma de Deposición Bajo la Regla 27.6 de Procedimiento Civil*. En consecuencia, MAPFRE cursó una carta objetando los temas sujetos al examen de deposición por entender que éstos resultaban impertinentes a la controversia y por constituir materia privilegiada bajo el secreto de negocio. En particular, rehusó divulgar la información relacionada con (1) los pagos e incentivos de sus ajustadores, ingenieros o contratista, (2) los documentos y comunicaciones sobre el reaseguro de reclamación, (3) la información de las reservas y (4) los procesos relacionados con la suscripción de pólizas.

Luego de una serie comunicaciones extrajudiciales, MAPFRE presentó una *Solicitud de Orden Protectora* al amparo de la Regla 23.2 de Procedimiento Civil. En particular, reiteró que la información

solicitada resultaba impertinente a la controversia. Contendió que dicho material no era divulgable por estar sujeto al privilegio de secreto negocio. Respectivamente, la parte recurrida presentó su *Oposición a Solicitud de Orden Protectora y en Solicitud para Compeler Descubrimiento*. En dicho escrito alegó que MAPFRE no invocó con éxito el privilegio secreto negocio. Igualmente sostuvo que la información requerida configura materia pertinente a la controversia.

Tras evaluar la petición referida, el Tribunal de Primera Instancia emitió una *Resolución* declarando ha lugar el descubrimiento de prueba solicitado. Determinó que MAPFRE no cumplió con el estándar de especificidad para invocar el privilegio secreto de negocio a tenor con criterio jurisprudencial adoptado en *Ponce Adv. Med. v. Santiago*, 197 DPR 891 (2017). Oportunamente, la parte peticionaria sometió una *Moción de Resolución Parcial.* En este documento, solicitó que no se permitiese el descubrimiento de prueba de las reservas y la estructura de compensación por entender que dicha información no es pertinente a la controversia de la causa de acción instada en su contra. En consecuencia, el foro recurrido determinó no ha lugar a su petición.

Inconforme con dicha determinación, la parte peticionaria acudió ante este Tribunal mediante *Petición de Certiorari*. En su recurso argumentó que las materias solicitadas constituyen información impertinente a la controversia. Además, resaltó que la información requerida goza de la protección del privilegio de secreto de negocio y configura materia sensitiva que de divulgarse afectaría derechos de terceros. Por su parte, los recurridos presentaron su *Oposición a la Expedición de Petición de Certiorari*. En dicho escrito plantearon que el foro apelativo carece de jurisdicción para atender los señalamientos

de la aseguradora bajo el fundamento de que ésta sometió la *Solicitud de Reconsideración Parcial* circunscrita a los siguientes aspectos: (1) las reservas y (2) la estructura de compensación. Por lo anterior, señaló que venció el término para revisar apelativamente los asuntos no planteados en la aludida reconsideración.

Como es sabido, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc*., 207 DPR 994 (2021), Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios (32 LPRA sec. 3491). La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65; *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012). Ahora bien, el ejercicio de esta discreción no es absoluto. A esos fines, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V, R. 52.1) nos concede la facultad para revisar resoluciones u órdenes interlocutorias cuando se recurra de decisiones sobre asuntos relativos a privilegios evidenciarios o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B) delimita los criterios para la expedición de un auto de *certiorari*. Entre otros extremos, la precitada regla establece que el tribunal considerará (1) si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho, (2) si la situación de hechos planteada es la más indicada para el análisis

del problema, (3) si la etapa del procedimiento en que se presenta el caso es la más propicia, o (4) si la expedición del auto evita un fracaso de la justicia. (4 LPRA Ap. XXII-B). Tales criterios orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra.* A su vez, la aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163 (2020).

Por otro lado, una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil (32 LPRA Ap. V, R. 47) deberá exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse. *Morales y Otros v. The Sheraton Corp*., 191 DPR 1 (2014). La solicitud de reconsideración que no exhiba tales criterios de especificidad será declarada sin lugar y se entenderá que no interrumpió el término para recurrir. *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989 (2015). Según el tratadista Cuevas Segarra, "salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la regla". *Morales y Otros v. The Sheraton Corp*., *supra*, pág. 9 (citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1371).

Por otro lado, en nuestro ordenamiento jurídico opera la norma general de un descubrimiento de prueba amplio y liberal. *Cruz Flores*

*v. Hospital Ryder Memorial Inc*., 210 DPR 465 (2022). Véase, también, *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000). El descubrimiento de prueba persigue los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. *Rivera y otros v. Bco. Popular, supra* (citando a Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d Sec. 2001, 1994). Las partes así pueden prepararse para el juicio, de forma tal que tienen la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. *Rivera y otros v. Bco. Popular, supra* (citando a *Moore's Federal Practice*: 3d Sec. 26.02, 1997).

Ahora bien, el descubrimiento de prueba no es ilimitado. *Alfonso Brú v. Trane Export, Inc*. 155 DPR 158 (2001). La Regla 23.1 de Procedimiento Civil (32 LPRA Ap. V, R 23.1) dispone que las partes podrán hacer descubrimiento de prueba sobre cualquier materia que no sea privilegiada y que sea pertinente al asunto en controversia. El criterio para medir la pertinencia bajo estas reglas es más amplio que el utilizado para resolver problemas de admisibilidad de prueba bajo las Reglas de Evidencia. *Rodríguez v. Scotiabank de P.R*., 113 DPR 210 (1982). Basta con que exista una posibilidad razonable de relación con el asunto en controversia. *General Electric v. Concessionaires, Inc.,* 118 DPR 32 (1986).

En cuanto a la materia privilegiada de la Regla 23.1 (a) de Procedimiento Civil, "se trata exclusivamente de los privilegios reconocidos en las Reglas de Evidencia". *ELA v. Casta*, 162 DPR 1, 10 (2004). Por tanto, "en ausencia de un privilegio específico reconocido

por nuestro ordenamiento jurídico, no procede objeción alguna a un descubrimiento de prueba bajo ese fundamento". *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). No obstante, el privilegio no se concederá automáticamente, por lo que, se reconocerá solo cuando se invoque de manera certera y oportuna. *Ponce Adv. Med. v. Santiago González*, 197 DPR 891, 900 (2017). La Regla 518 de Evidencia (32 LPRA Ap VI, R. 508) preceptúa que "[l]as reglas de privilegios se interpret[e]n restrictivamente en relación con cualquier determinación sobre la existencia de un privilegio". *Pagan v. First Hospital*, 189 DPR 509 (2013). Por tanto, una parte que se considere acreedora de una materia de naturaleza privilegiada deberá una vez se solicite dicha información: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio. *Ponce Adv. Med. v. Santiago González, supra*. Véase, también, Regla 23.3 de Procedimiento Civil (32 LPRA Ap. V). Le compete al foro primario aquilatar si la información satisface los elementos del privilegio. Id. En estos casos, el tribunal efectuará una inspección en cámara de la materia en cuestión. Id.

Cónsono con lo anterior, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventaja para ninguna de las partes. *Rivera y otros v. Bco. Popular, supra*. Véase también, *McNeil Healthcare, LLC v. Municipio de Las Piedras, supra*. A tales fines, existe el mecanismo de la orden

protectora, con el propósito de proteger a la parte o persona con relación a la cual se utiliza el descubrimiento de "hostigamiento, perturbación u opresión, así como cualquier gasto o molestia indebida". *Alfonso Bru v. Trane Export, Inc.*, *supra*, pág. 168 (citando a Regla 23.2 de Procedimiento Civil, 23 LPRA Ap. III. 10). Mediante dicho mecanismo "se elude la posibilidad de que cualquiera de las partes abuse de la utilización de los mecanismos de descubrimiento de prueba". *Rivera y otros v. Banco Popular*, *supra*. pág. 154.

En el caso presente no es correcto que el Tribunal carezca de jurisdicción para atender las controversias del descubrimiento de prueba relacionadas con la información de (1) los reaseguros y (2) la suscripción de póliza por no haber sido materia objeto de la *Moción de Reconsideración Parcial*. Tras evaluar el derecho aplicable, resolvemos que ostentamos jurisdicción para atender los cuatro planteamientos esbozados por MAPFRE. La parte peticionaria sometió oportunamente una moción de reconsideración con suficiente particularidad y especificidad sobre los hechos y el derecho en cuestión, por lo cual interrumpió correctamente el término para recurrir a este foro intermedio. Nos encontramos en una etapa propicia para revisar la resolución interlocutoria de conformidad a los parámetros de la Regla 52.1 de Procedimiento Civil y la Regla 40 del Tribunal de Apelaciones.

En lo concerniente a las materias sujetas al descubrimiento de prueba, en primera instancia no es verdad que -como pretende MAPFRE- el Tribunal de Primera Instancia haya incidido al permitir el descubrimiento de prueba en torno a las reservas. Luego de evaluar la naturaleza de la demanda instada por los recurridos, es claro que el carácter amplio y liberal del descubrimiento de prueba permite

determinar que la evidencia en cuanto a estas tiene la posibilidad de hacer más o menos probable la causa de acción sobre daños instada; en particular podría arrojar información relacionada con los argumentos de dolo y mala fe, por lo cual resulta susceptible de ser sujeta al descubrimiento de prueba, aunque de manera contenida y vinculada a los hechos particulares del caso.

Por otra parte, luego de revisar los temas 13, 32 y 33 objeto del *Aviso de Toma de Deposición*, es claro que igual procede el descubrimiento de prueba en materia de reaseguro, aunque de modo limitado. Es decir, corresponde también al foro primario delimitar el requerimiento de dicha información a los asuntos vinculados directamente con la reclamación de los recurridos, para así evitar dilación indebida en el proceso de descubrimiento de prueba.

En cuanto al asunto de la suscripción, consideramos los temas 23-31 del *Aviso de Toma de Deposición* relacionados con la suscripción y determinamos, nuevamente, que dicho descubrimiento es relevante a la causa de acción. De hecho, la aseguradora peticionaria así lo reconoce cuando expresa que su divulgación resulta pertinente ante las alegaciones mala fe. Véase *Petición de Certiorari*, pág. 15. No obstante, igualmente determinamos que el foro primario debe delimitar dicha información a la reclamación en controversia. Además, debe evaluar cuál asunto del requerimiento de la suscripción pudiera constituir materia confidencial en el examen correspondiente. *Ponce Adv. Med. v. Santiago González, supra*.

Por último, resolvemos que la divulgación de información de pagos de tercero y la estructura de compensación resultan impertinentes a la causa. Tras examinar las alegaciones de la acción instada, es claro

que dicha información no resulta relevante a la adjudicación de la controversia. A la vez, su divulgación provocaría una intromisión indebida sobre terceros ajenos al litigio y dilataría onerosamente la solución del pleito. Por tanto, resolvemos que en este punto erró el foro primario al ordenar la divulgación de dicha materia.

Por los fundamentos que anteceden, expedimos el auto de certiorari solicitado, confirmamos en parte la Resolución recurrida con las modificaciones que surgen de esta Sentencia y revocamos en parte, según dispuesto en la misma. En consecuencia, devolvemos el pleito al Tribunal de Primera Instancia para que adjudique la orden protectora solicitada conforme a los lineamientos de la presente Sentencia y proceda con los procesos del litigio.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones