Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-205

| | | |
|---|---|---|
| LA COMISIÓN DE LOS PUERTOS DE MAYAGÜEZ<br><br>Demandante Peticionaria<br><br><br>v.<br><br><br>JOSÉ GONZÁLEZ FREYRE, FRANK HAACKE, SARIMILA MÉNDEZ Y OTROS<br><br>Demandada Recurrida | TA2025CE00703<br><br>Consolidado[1]<br><br><br>TA2025CE00722 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2019CV01985 Salón 402<br><br>Sobre: Acción Rescisoria, Fraude de Acreedores. Daños, Cobro de Dinero – Ordinario, Incumplimiento de Contrato |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, y la Jueza Brignoni Mártir[2].

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante nos la Comisión de los Puertos de Mayagüez (Comisión de los Puertos o Peticionaria) mediante varios recursos de *certiorari* y solicita que revoquemos ciertas determinaciones interlocutorias del Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante los referidos dictámenes, el Tribunal de Primera Instancia declaró No Ha Lugar una solicitud de orden de

---

[1] Los casos TA2025CE00703 y TA2025CE00722 fueron consolidados mediante *Resolución* emitida por este Tribunal el 5 de noviembre de 2025; Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA), Casos Núm. TA2025CE00703 y TA2025CE00722, Entradas Núm. 3 y 2, respectivamente.

[2] Se designa a la Hon. Maritere Brignoni Mártir en sustitución de la Hon. Karilyn Díaz Rivera, conforme a lo establecido en la Orden Administrativa Núm. OATA-2025-245; Véase, SUMAC-TA, Casos Núm. TA2025CE00703 y TA2025CE00722, Entradas Núm. 14 y 15, respectivamente.

producción de documentos, una solicitud de sentencia sumaria parcial, y sus respectivas solicitudes de reconsideración.

Por los fundamentos que expondremos a continuación: 1) expedimos el auto de *certiorari* solicitado con relación al recurso TA2025CE00703 y revocamos la *Resolución Interlocutoria* impugnada; y 2) denegamos expedir el auto de *certiorari* solicitado con relación al recurso TA2025CE00722.

El caso de epígrafe tuvo su génesis el 17 de abril de 2019, cuando la parte peticionaria presentó una *Demanda* sobre, entre otros, acción rescisoria, fraude de acreedores, daños, cobro de dinero ordinario, e incumplimiento de contrato, contra el Sr. José González Freyre, el Sr. Frank Haacke, la Sra. Sarimila Méndez, el Sr. Alberto Fernández, el Sr. Eduardo Fernández, Inversiones Potosí, Inc., y Trofima Corporation (en conjunto, los recurridos).

La Comisión de los Puertos alegó que, para diciembre de 2004, comenzó un proceso de solicitud de propuestas para la administración de los Puertos de Mayagüez. Adujo que Holland Group Port Investments (Mayagüez), Inc. (HGPI) fue la compañía seleccionada, y presuntamente, los señores José González Freyre, Frank Haacke, Sarimila Méndez, Alberto Fernández, Eduardo Fernández eran miembros directores de la compañía. Arguyó además que, para que HGPI operara, administrara y desarrollara los Puertos de Mayagüez, y de que tuviese un capital mínimo, suscribieron un consentimiento escrito unánime y un *Lease and Development Agreement* (LDA). Sostuvo que, a los fines de que HGPI tuviese un capital mínimo, se autorizó la emisión de 800 acciones preferidas que serían vendidas en

$4,000,000.00, y las cuales —alegadamente— tenían unas restricciones de uso.

En síntesis, aseveró que HGPI llevó a cabo una administración efectiva durante sus primeros años, hasta el 2010. No obstante, luego de marzo de 2010, incumplió, supuestamente, sus obligaciones contractuales hasta la terminación de su contrato y llevó a cabo actuaciones en violación al LDA, lo que fue objeto de una controversia en una primera causa de acción.[3] Entre ellas, señaló que para el 2014 las 800 acciones preferidas fueron redimidas por los entonces directores de HGPI y las transfirieron a Inversiones Potosí, Inc. y a Trofima Corporation, en una presunta violación al LDA. Como parte de sus alegaciones, aseveró que el 20 de mayo de 2014, el Tribunal de Primera Instancia a cargo de la primera reclamación judicial, emitió una sentencia en la que ordenó: 1) el desahucio de HGIP de los puertos de Mayagüez; 2) el pago de $167,658.00 a la Comisión de los Puertos por concepto de renta mínima adeudada; 3) el pago de $8,382.94 por concepto de penalidades pactadas; y 4) el pago de $15,000.00 en honorarios de abogado.

Asimismo, relató que, para noviembre de 2015, HGPI presentó una petición de protección bajo el Capítulo 7 del Código de Quiebras, por lo que paralizó los procesos ante el TPI. La Comisión de los Puertos añadió en sus alegaciones que el Síndico de Capítulo 7 llegó a un acuerdo con el señor González Freyre en agosto de 2017.

Superados varios incidentes procesales —y con relación al recurso TA2025CE00703—, el 19 de mayo de 2025, la parte

---

[3] Caso Núm. ISCI201300800.

peticionaria presentó una solicitud de orden de producción de documentos. En resumen, alegó que había remitido a los bufetes de abogados *Collazo Concepción & Collazo, Cancio Covas & Santiago, LLP,* y *Lugo Mender Group, LLP* una citación para producir unos documentos que a la fecha no habían sido entregados.[4] En lo que nos concierne, peticionó al foro recurrido que ordenase al bufete *Cancio Covas & Santiago, LLP* a contestar la solicitud de producción de documentos, y que determinase que no procedía levantar el privilegio abogado-cliente o abogado-contador cuando el cliente es una corporación disuelta y cuando la información solicitada va dirigida a revelar la comisión de fraude.

Luego de que las partes recurridas presentasen su postura, el 16 de julio de 2025, el TPI emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar la solicitud de orden de descubrimiento con respecto a *Lugo Mender Group, LLP* por no ser una parte en el caso de epígrafe. Posteriormente, el 15 de agosto de 2025, la Comisión de los Puertos presentó una *Solicitud de Órdenes y de Extensión de Término de Descubrimiento de Prueba*. A través de dicha moción, peticionó al foro recurrido que ordenase a los bufetes *Collazo Concepción & Collazo, Cancio Covas & Santiago, LLP,* a producir los documentos solicitados por ser presuntamente necesarios, toda vez que los recurridos y pasados directores de HGPI aseveraron no tenerlos, alegadamente.

Así las cosas, el 29 de agosto de 2025, *Cancio Covas & Santiago, LLP* presentó una moción a través de la cual solicitó al foro recurrido

---

[4] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI), Caso Núm. BY2019CV01985, Entrada Núm. 148.

que emitiese una orden protectora al amparo de la Regla 23.1 de Procedimiento Civil a los fines de eximir cualquier obligación de producción de documentos. Lo anterior, puesto que el requerimiento de documentos fue objetado bajo los siguientes fundamentos: el privilegio abogado-cliente bajo la Regla 503 de Evidencia; la doctrina del producto del trabajo regulado por la Regla 23.1 (b) de Procedimiento Civil; y por ser excesivamente amplio, impreciso, oneroso y hostigador.[5] Luego, el 3 de septiembre de 2025, el bufete *Collazo Concepción & Collazo,* presentó una *Oposición a Solicitud de Orden* mediante la que objetó la solicitud de producción de documentos, fundamentada también en el privilegio evidenciario abogado-cliente y en la doctrina de producto del trabajo.

El 2 de septiembre de 2025, el TPI emitió la *Resolución Interlocutoria* impugnada en el recurso TA2025CE00703, notificada el 4 de septiembre de 2025. En la aludida resolución, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de orden de producción de documentos presentada por la parte peticionaria, puesto que el bufete de abogados *Cancio Covas & Santiago, LLP* no era parte del caso. El 4 de septiembre de 2025, el foro recurrido emitió otra *Resolución Interlocutoria* en la que declaró No Ha Lugar la solicitud de orden de producción de documentos dirigida al bufete *Collazo Concepción & Collazo*. El 19 de septiembre de 2025, la Comisión de los Puertos presentó una moción de reconsideración sobre estos dictámenes, la cual fue declarada No Ha Lugar por el foro recurrido el 3 de octubre de 2025.

---

[5] Véase, SUMAC-TPI, Caso Núm. BY2019CV01985, Entrada Núm. 190, Anejos I, II, y III.

Por otra parte, con respecto al recurso TA2025CE00722, el 27 de junio de 2025, la Comisión de los Puertos presentó una *Moción para Solicitar se Dicte Sentencia Sumaria Parcial*. En esencia, solicitó al foro recurrido que, con relación a los recurridos José González Freyre, Frank Haacke, Sarimila Méndez, Alberto Fernández, Eduardo Fernández, pasados directores y accionistas de HGPI, declararse la nulidad de la redención de las acciones preferidas en una supuesta violación al a los Artículos 5.14, 5.22 y 8.04(b) de la Ley Núm. 164-2009 (14 LPRA sec. 3501 *et seq.*), según enmendada, conocida como la *Ley General de Corporaciones* (Ley de Corporaciones); la imposición de responsabilidad solidaria a los recurridos antes mencionados, en calidad de directores, oficiales y/o accionistas; y satisfacer la totalidad de la Sentencia emitida por el Tribunal de Primera Instancia de Mayagüez en el 2014. Lo anterior, dado que no existían hechos en controversia.

El 18 de agosto de 2025, los recurridos presentaron una *Oposición a Solicitud de Sentencia Sumaria Parcial*. A través de dicha moción peticionaron al foro recurrido que declarase sin lugar la solicitud de sentencia sumaria parcial, toda vez que existían hechos materiales en controversia. Así, el 12 de septiembre de 2025, el TPI emitió una *Resolución* mediante la que denegó la solicitud de sentencia sumaria parcial presentada por la Comisión de los Puertos. En resumen, concluyó que existían hechos en controversia que impedían resolver el pleito de forma sumaria en esta etapa. Esta determinación fue objeto de una moción de reconsideración presentada por la peticionaria el 29 de septiembre de 2025. El 6 de octubre de 2025, el foro recurrido declaró No Ha Lugar dicha solicitud de reconsideración.

Inconforme, la parte peticionaria presentó los recursos de *certiorari* que nos ocupan, mediante los cuales le imputó al Tribunal de Primera Instancia la comisión de los siguientes errores:

### TA2025CE00703

Erró el TPI al determinar que no procede el descubrimiento de prueba dirigido a los bufetes CCC y CCS, quienes no son parte en el pleito.

Erró el TPI al denegar la orden de descubrimiento a los bufetes CCC y CCS, sin que los bufetes argumentaran la contención de la comisión de que no existe el privilegio abogado-cliente de una corporación que no existe.

### TA2025CE00722

Erró el TPI al determinar que "si Holland Group y la Comisión suscribieron o llegaron a un acuerdo para limitar el uso de los fondos de capital y no podía usarse para pagar las rentas debidas" es un hecho en controversia y no determinar que es una cuestión de derecho que debe resolver el tribunal.

Erró el TPI al determinar que "si la redención de las acciones preferidas constituye fraude" es un hecho en controversia y no determinar que es una cuestión de derecho que debe resolver el tribunal.

El 15 de diciembre de 2025, los recurridos y los bufetes *Collazo Concepción & Collazo* y *Cancio Covas & Santiago, LLP*, presentaron sus respectivos alegatos en oposición a la expedición de los autos de *certiorari* solicitados para ambos recursos. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025); Véase, también, *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012).

En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Reglamento del Tribunal de Apelaciones. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).

Sabido es que el descubrimiento de prueba es el mecanismo que las partes utilizan para obtener hechos, títulos, documentos u otros que

están en poder o son del exclusivo conocimiento de una persona, y que son necesarias para hacer valer sus derechos. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021) (citando a I. Rivera García, *Diccionario de términos jurídicos*, 3.ª ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70). Por lo tanto, el Tribunal de Primera Instancia goza de amplia discreción para regular el descubrimiento de prueba y, en consecuencia, el Tribunal de Apelaciones no deberá intervenir con dicha discreción salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. Íd. (citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000)). Dicho esto, nuestro ordenamiento valora el descubrimiento de prueba amplio y liberal que acelera los procedimientos, propicia las transacciones y evita las sorpresas indeseables durante la celebración del juicio. Íd. (citando a *Lluch v. España Service Sta.*, 117 DPR 729 (1986)).

Ahora bien, las partes de un pleito podrán hacer descubrimiento sobre cualquier materia no privilegiada que sea pertinente al asunto en controversia. Regla 23.1 de Procedimiento Civil, *supra*. El criterio para medir la pertinencia bajo estas reglas es más amplio que el utilizado para resolver problemas de admisibilidad de prueba bajo las Reglas de Evidencia. *Rodríguez v. Scotiabank de P.R.*, 113 DPR 210 (1982). Basta con que exista una posibilidad razonable de relación con el asunto en controversia. *General Electric v. Concessionaires, Inc.,* 118 DPR 32 (1986).

En cuanto a la materia privilegiada de la Regla 23.1 (a) de Procedimiento Civil, "se trata exclusivamente de los privilegios reconocidos en las Reglas de Evidencia". *E.L.A. v. Casta*, 162 DPR 1,

10 (2004). Por tanto, "en ausencia de un privilegio específico reconocido por nuestro ordenamiento jurídico, no procede objeción alguna a un descubrimiento de prueba bajo ese fundamento". *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). No obstante, el privilegio no se concederá automáticamente, por lo que, se reconocerá solo cuando se invoque de manera certera y oportuna. *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 900 (2017).

La Regla 518 de Evidencia (32 LPRA Ap VI, R. 508) preceptúa que "[l]as reglas de privilegios se interpret[e]n restrictivamente en relación con cualquier determinación sobre la existencia de un privilegio". *Pagán et al. v. First Hospital*, 189 DPR 509 (2013). Por tanto, una parte que se considere acreedora de una materia de naturaleza privilegiada deberá una vez se solicite dicha información: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio. *Ponce Adv. Med. v. Santiago González et al.*, *supra*. Véase, también, Regla 23.3 de Procedimiento Civil (32 LPRA Ap. V). Le compete al foro primario aquilatar si la información satisface los elementos del privilegio. Íd. En estos casos, el tribunal efectuará una inspección en cámara de la materia en cuestión. Íd.

En lo concerniente a los asuntos del caso ante nos, el tratadista Cuevas Segarra ha expresado que la Regla 40 de Procedimiento Civil contempla que el alcance del descubrimiento de prueba se extienda a cualquier persona que no sea parte de un pleito. J.A. Cuevas Segarra,

*Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Publicaciones JTS, 2011, T. III, pág. 1166; Véase, también, R. 40.1 – 40.2 de Procedimiento Civil de 2009, *supra*.

Vale destacar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla

36.3(b)(2) de Procedimiento Civil, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al*., 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Cónsono con lo anterior, el foro de primera instancia especificará en todos los pleitos los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda, incluyendo en aquellas ocasiones que se deniegue total o parcialmente una moción de sentencia sumaria. Regla 42.2 de

Procedimiento Civil, *supra*. Véase, también, Regla 36.4 de Procedimiento Civil, *supra*. Sin embargo, esto no será necesario (1) cuando el tribunal resuelva mociones de defensas u objeciones, sentencia sumaria, o cualquier otra moción, excepto en casos de desestimación; (2) en casos de rebeldía; (3) cuando las partes así lo estipulen; o (4) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia. Íd. Regla 42.2. Véase, también, Reglas 10, 36.1, 36.2 y 39.2 de Procedimiento Civil, *supra*. Sabiendo esto, nuestro ordenamiento reconoce que una vez expiran los términos para apelar una sentencia, la misma adviene final y firme. *Money's People, Inc. v. López Llanos*, 202 DPR 889 (2019) (citando a *Rivera v. Algarín*, 159 DPR 482 (2003)).

Antes de discutir los señalamientos de error planteados por la parte peticionaria, expedimos el recurso de *certiorari* solicitado en el caso TA2025CE00703 conforme a los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra,* —al tratarse de una de las excepciones contempladas en la precitada Regla sobre privilegios evidenciarios— y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* por lo que procederemos a disponer de éste en sus méritos.

En el recurso TA2025CE00703, la parte peticionaria adujo que el Tribunal de Primera Instancia incidió al determinar que no procedía el descubrimiento de prueba dirigido a los bufetes *Collazo Concepción & Collazo* y *Cancio Covas & Santiago, LLP* por no ser partes en el pleito. También argumentó que el foro recurrido erró tras denegar la orden de descubrimiento de prueba a los referidos bufetes sin que estos argumentasen sobre el planteamiento levantado por la Comisión de los

Puertos de que no existe el privilegio abogado-cliente para corporaciones disueltas.

Los recurridos de epígrafe argumentaron en riposta que correspondía a los bufetes de abogados en cuestión la obligación principal de oponerse al recurso de *certiorari*, toda vez que las solicitudes de órdenes de producción de documentos versaban sobre ellos y no sobre los recurridos. Adicionalmente, arguyeron que los bufetes de abogados expresaron sus objeciones a las citaciones sobre los requerimientos de documentos de manera oportuna, mientras que la Comisión de los Puertos incumplió con la obligación impuesta bajo la Regla 34.1 de Procedimiento Civil (32 LPRA Ap. V).

Por su parte, el bufete de abogados *Collazo Concepción & Collazo* adujo en su alegato que correspondía la desestimación del recurso bajo discusión con respecto a estos, pues la parte peticionaria no recurrió de la resolución que les vinculaba, sino que impugnó aquella relacionada con el bufete *Cancio Covas & Santiago, LLP*.

En cambio, el bufete *Cancio Covas & Santiago, LLP* sostuvo en su alegato en oposición, en síntesis, que lo solicitado por la parte peticionaria era excesivamente amplio y constituían comunicaciones confidenciales protegidas por el privilegio abogado-cliente y la doctrina del *work product*.

Primeramente, debemos destacar que el dictamen recurrido ante este Foro revisor es aquel relacionado al bufete *Cancio Covas & Santiago, LLP*, no así sobre el bufete *Collazo Concepción & Collazo*.[6] En la medida en que la determinación aquí impugnada no vincula al

---

[6] Véase, SUMAC-TA, *Petición de Certiorari*, Caso Núm. TA2025CE00703, Entrada Núm. 1, pág. 2.

bufete de abogados *Collazo Concepción & Collazo*, los argumentos esgrimidos con respecto a este no serán atendidos en el presente escrito.

Discutiremos a continuación el primer señalamiento de error del recurso TA2025CE00703, toda vez que dispone de la controversia ante nos. Luego de un análisis sosegado del expediente ante nuestra consideración, razonamos que le asiste la razón a la Comisión de los Puertos. Según ya dijimos, la Regla 40 de Procedimiento Civil, *supra*, contempla la extensión del descubrimiento de prueba a personas que no sean parte en un pleito. Cuevas Segarra, *op. cit.* Es por ello que colegimos que el Tribunal de Primera Instancia erró en la aplicación del Derecho. Ahora bien, la presente controversia trata sobre una citación para el requerimiento de documentos que fue debida y oportunamente objetado, fundamentado en la existencia de los privilegios evidenciarios de abogado-cliente y *work product*.[7] En este escenario, le corresponde al foro de instancia determinar si la información solicitada satisface los elementos del privilegio en cuestión, según requerido por la jurisprudencia interpretativa aplicable anteriormente discutida. *Ponce Adv. Med. v. Santiago González, supra*, pág. 900. Por tanto, concluimos que le atañe al foro recurrido resolver el argumento esgrimido por la parte peticionaria en su segundo señalamiento de error.

Por otra parte, la Comisión de los Puertos aseveró en el recurso TA2025CE00722 que el TPI incidió al denegar la solicitud de sentencia sumaria parcial, toda vez que los hechos que encontró en controversia eran cuestiones de derecho que debía resolver el foro impugnado.

---

[7] Véase, SUMAC-TPI, Caso Núm. BY2019CV01985, Entrada Núm. 190, Anejos I, II, y III.

Luego de examinar *de novo* el expediente, no le asiste la razón a la parte peticionaria. No advertimos que el Tribunal de Primera Instancia haya abusado de su discreción al denegar la solicitud de sentencia sumaria parcial presentada por la Comisión de los Puertos. Surge del expediente ante nuestra consideración que varios de los hechos materiales propuestos por la peticionaria como incontrovertidos están en controversia. Por ejemplo, y para fines ilustrativos, el hecho número nueve (9) propuesto como incontrovertido establece que durante la vigencia del LDA surgieron múltiples controversias, entre las cuales la más relevante fue la negativa de HGPI a pagar la renta mínima anual acordada en el LDA. La prueba documental citada no demuestra la presunta negativa de HGPI a pagar la renta mínima pactada en el LDA, sino que es una cita directa a la Sección 3.7 del LDA.

En adición, el Tribunal de Primera Instancia concluyó que subsistían hechos en controversia que impedían la resolución del pleito de manera sumaria en esa etapa de los procedimientos, entre ellos —y muy importante—, si HGPI y la Comisión de los Puertos en efecto suscribieron un acuerdo en el que limitaron el uso de los fondos de capital. Al revisar la solicitud de sentencia sumaria parcial presentada por la parte peticionaria, no se desprende de ella referencia alguna al alegado consentimiento unánime suscrito por la Comisión de los Puertos y HGPI en el que se autorizó la emisión de las 800 acciones preferidas con unas restricciones de uso. Lo anterior es de suma relevancia para la disposición adecuada del caso de epígrafe, toda vez que fue uno de los argumentos centrales en las alegaciones de la *Demanda* que originaron el presente litigio.

Además, la moción de sentencia sumaria parcial no cumple con todos los requisitos de forma impuestos por las Reglas de Procedimiento Civil, *supra*. Particularmente, algunos de los hechos propuestos como incontrovertidos en el acápite V no citan prueba alguna que los sostengan, y aquellos hechos que sí contienen citas a la prueba documental presentada, no señalan con especificidad los párrafos o páginas de los documentos que los sostienen, según requerido por la Regla 36.3 (a)(4) de Procedimiento Civil, *supra*.

Por todo lo anterior, expedimos el auto de *certiorari* solicitado en el recurso TA2025CE00703 y revocamos la *Resolución Interlocutoria* impugnada. El Tribunal de Primera Instancia deberá celebrar una vista evidenciaria a los fines de determinar si la información peticionada por la Comisión de los Puertos en su *Solicitud de Órdenes y de Extensión de Término de Descubrimiento de Prueba* satisface los elementos de los privilegios evidenciarios de abogado-cliente y la doctrina del *work product,* así como su aplicabilidad a HGPI como entidad ya disuelta. Con respecto al recurso TA2025CE00722, denegamos expedir el auto de *certiorari* solicitado.

Devolvemos el caso de epígrafe al foro recurrido para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones